18886

B. C. HUGGINS, Respondent, v. WINN-DIXIE GREENVILLE, INC., Appellant

(166 S. E. (2d) 297)

354

*Messrs. McDonald & McDonald,* of Winnsboro, and *Fulmer, Barnes, Berry & Austin,* of Columbia, *for Appellant,*

*Messrs. Henry Hammer and Henry H. Edens,* of Columbia, and *John A. Martin,* of Winnsboro, *for respondent,*

March 6, 1969.

BUSSEY, Justice.

The plaintiff-respondent sued the defendant-appellant on two causes of action, one for malicious prosecution, and the other for abuse of process. Upon a former trial the jury found for the defendant on the cause of action for malicious prosecution, but for the plaintiff on the cause of action for abuse of process. Upon appeal, we reversed and remanded for a new trial of the cause of action for abuse of process.

*Huggins v. Winn-Dixie Greenville, Inc.,* 249 S. C. 206, 153 S. E. (2d) 693 (1967).

The evidence as to the facts was fairly fully stated in the opinion on the former appeal and the facts will not now be repeated except to the extent necessary. Upon the new trial the verdict of the jury awarded the plaintiff actual damages in the amount of $40,000.00, and punitive damages in the amount of $15,000.00. The instant appeal is from an order of the trial judge denying defendant's motion for judgment *non obstante verdicto* and its alternative motion for a new trial or a new trial *nisi*. The exceptions on appeal are twenty-one in number, but some of them have been clearly abandoned, the defendant not having argued the same in its brief. There is some doubt as to whether still others have or have not been abandoned, but we shall attempt to decide all questions which we deem to be properly before us.

Several exceptions and a substantial portion of defendant's brief are devoted to the contention that the trial judge should have granted a judgment *non obstante veredicto* in favor of the defendant on the ground of insufficiency of evidence to prove a cause of action for abuse of process. We are urged to overrule our decision on the former appeal wherein we held that the evidence was sufficient to go to the jury. There is no substantial difference between the evidence on the former trial and the evidence upon the latter trial. It is well settled in this jurisdiction that a decision of this court on a former appeal is the law of the case. The questions therein decided are *res judicata* and this court will not on subsequent appeal review its former decision. See cases collected in West's South Carolina Digest, Appeal and Error, §1097 and §1099. We are not convinced that our former opinion was erroneous, but even if it were, we are precluded, under the settled rule, from reviewing it on this subsequent appeal.

After remand, the case was set for trial at the term of court commencing Monday, June 5, 1967. On the Thursday

preceding, the defendant argued a motion for a change of venue, which was refused. At that time, counsel for defendant requested an amended complaint to be filed, and stated if such were not filed, omitting the cause of action for malicious prosecution, he intended to object to the complaint being given to the jury. In compliance therewith, counsel for plaintiff on the next day served upon counsel for defendant an amended complaint. The defendant then filed a motion to strike certain portions of the amended complaint and to require plaintiff to reduce the prayer thereof to $40,000.00. In the alternative, the defendant moved for a continuance. Such motions were heard and refused on the morning of June 7th, and at 2:30 that afternoon the trial commenced.

The original complaint, of course, stated two causes of action, the first stated being for malicious prosecution. The second stated cause of action therein stated, for abuse of process, reiterated the first eight paragraphs of the first alleged cause of action and then went on to state additional facts pertinent to the cause of action for abuse of process. The damages allegedly sustained by the plaintiff, in each of the alleged causes of action, were identical and the plaintiff alleged his total damage to be the sum of $80,000.00, but so drafted his complaint as to allocate $40,000.00 thereof to each of the alleged causes of action. When the original complaint and the amended complaint are analyzed, with respect to the cause of action for abuse of process, the amended complaint really changed nothing except that the plaintiff sought to recover his total alleged damage in the amount of $80,000.00 in the single cause of action left to him.

The prayer of the amended complaint was the same as the prayer of the original complaint. If attributing all of plaintiff's alleged damage to a single cause of action, instead of attributing such to two causes of action, constituted an amendment, such amendment was clearly within the discretion of the trial judge, as it only increased

the *ad damnum* with respect to the single cause of action remaining. *Pickett v. Southern R. Co., Carolina Division*, 74 S. C. 236, 54 S. E. 375 (1906).

■ An examination of the complaint shows that the allegations in the amended complaint which the trial judge refused to strike were contained either verbatim, by reference, or in substantially the same language in the statement of the cause of action for abuse of process in the original complaint. A motion to strike is generally addressed to the sound discretion of the judge. Assuming, without deciding, that the objected to portions of the amended complaint were properly subject to a motion to strike, the motion on the eve of trial was not timely and was, for that reason, we think, properly refused.

■ Circuit Court Rule 20 requires motions to strike to be noticed before demurring or answering the pleading, and within twenty days from the service thereof. The motion to strike in the instant case based on the contention that the amended complaint contained allegations which were pertinent only to a cause of action for malicious prosecution and not pertinent to a cause of action for abuse of process. Admittedly, there was no practical reason for the defendant moving, within twenty days from the service of the original complaint, to strike the allegations now complained of from the second cause of action alleged therein, since they would have stilll been contained in the cause of action stated for malicious prosecution.

This cause, however, was remanded for a new trial on or about March 23, 1967. The defendant knew then the contents of the complaint as to the single cause of action remaining. If any portion thereof was deemed objectionable, both the letter and the spirit of Rule 20 would require the defendant to notice its motion to strike, at least quite promptly.

In the course of the trial, defendant's manager testified to the effect, as he did on the first trial, that in the course of his

effort to collect from the plaintiff ten dollars for merchandise he felt the plaintiff had previously taken, he became apprehensive of a civil law suit against the defendant and felt that calling the police would improve the situation of the defendant in the event of a civil law suit. During the closing argument of plaintiff's counsel, objection was made to argument addressed to the foregoing testimony of the defendant's manager. Precisely what counsel said does not appear, but the court overruled the objection with the following:

"Counsel's remarks, Mr. Berry, on the question of defense to a civil suit are responsive to the testimony that was elicited during the trial."

At the conclusion of the argument, counsel for plaintiff moved to amend the pleadings to conform to the proof so that there would be no question about the propriety of the argument which was objected to. The complaint did not allege as an an ulterior motive or purpose the protection of the defendant from a possible law suit, and the amendment proposed by plaintiff's counsel was that the complaint be amended to show an additional ulterior purpose as disclosed by the testimony of defendant's manager. Considerable colloquy followed between the court and counsel, but the amendment was allowed and subsequently the court charged the jury thereabout. The defendant does not by exception challenge the form of the amendment or the contents of the charge, but does contend that the amendment should not have been allowed and that, of course, the charge should have contained no mention thereof.

The amendment sought by the plaintiff was, we think, a proper one for the court, in its discretion, to grant under Sec. 10-692 of the 1962 Code of Laws. The amendment sought did not change substantially plaintiff's claim as contended by defendant, but merely conformed plaintiff's pleading to a fact proved by the defendant itself. The proposed amendment did not state a new, separate or

independent claim or cause of action. Its purpose was merely to allow plaintiff to rely on an additional ulterior purpose disclosed by defendant's evidence. We see no surprise or prejudice to the defendant.

The defendant contends that there were errors in several respects in the charge of the trial judge. It is first argued that the judge charged the jury to the effect that it could arbitrarily disregard the testimony of any witness. When the language complained of is read in context and in the light of the entire charge, we conclude that the contention is without merit.

It is urged that the trial judge, in several instances, charged on the facts in violation of Article V, Sec. 26 of the Constitution. Such contention is based simply upon portions of the charge considered in isolation and completely out of context. When the charge is read in its entirety and in context, the contention that the trial judge charged on the facts is without merit. The contention that the trial judge was in error in charging the jury relative to the amendment, hereinabove discussed, has already been disposed of.

Allegedly based on exception 19, it is argued that the trial judge's charge regarding motive was improper. The defendant's argument in support of this contention, as far as we can ascertain, is not raised or suggested by exception 19 and, moreover, such argument appears to be addressed to a point not raised or passed upon below. This contention, accordingly, requires no further discussion.

In the course of argument by plaintiff's counsel, the defendant interposed the following objection:

"* * * Counsel is going into 'probable cause' which isn't an element in this particular suit."

The record fails to disclose what the remarks of counsel were. The trial judge disposed of the objection by ruling that the remarks of counsel, whatever

they were, were addressed to certain claimed elements of damage, and were, therefore, proper. To the ruling, counsel for defendant responded, "All right, sir." The control of argument of counsel rests in the sound discretion of the trial judge and in the absence of knowing even approximately what the remarks of counsel were, we would not be warranted in holding that there was any abuse of discretion here in overruling the objection.

For reasons which need not now be stated, the trial judge eliminated from the consideration of the jury certain alleged elements of damage and submitted for their consideration only the following elements:

"(T)he personal humiliation of the plaintiff, the personal embarrassment of the plaintiff, shock, contempt and ridicule of the plaintiff, any damage and injury to the plaintiff's reputation."

Defendant contends that the trial judge erred in refusing its motion to strike from the complaint allegations of damage to plaintiff's reputation and in submitting such issue to the jury, in that there was no proof of damage to his reputation.

"Damages recoverable for abuse of process are compensatory for the natural results of the wrong, and may include recompense for physical or mental injury; expenses; loss of time; and injury to business, property or financial standing." 72 C. J. S., Process, § 124g, p. 1203. See also 1 Am. Jur. (2d) 269, Abuse of Process, Sec. 25.

In Prosser on Torts, 3d Ed. 878, it is stated with reference to abuse of process that, "Once the tort is proved, the damages recoverable are in general much the same as in cases of malicious prosecution." In the same work at page 868, it is said,

"As malicious prosecution involves not only a defamatory charge of crime, which usually is reduced to writing, but likewise process to enforce it, there is an obvious analogy to libel, or the kind of slander which is actionable without

proof of damage; and so it is held that there may be recovery without proof for harm to the plaintiffs' reputation, standing and credit. The same is true, and upon the same basis, as to humiliation and other mental suffering or injury to his feelings."

Under the facts of the instant case at least some ■ damage to the reputation of the plaintiff was a natural and probable consequence of the delicts of the defendant. Even though there was no specific proof as to such or the extent thereof, we see no error in submitting to the jury for its consideration that element of damage.

The final exception of the defendant imputes error ■ to the trial judge in failing to grant its motion for "a judgment or decree nisi". It is well settled in this jurisdiction that the trial judge's refusal to reduce an excessive verdict by ordering a new trial nisi is not subject to review by this court. See *Aaron v. Hampton Motors, Inc.,* 240 S. C. 26, 124 S. E. (2d) 585 (1962), and cases therein cited.

All exceptions are, in our view, without merit and the judgment of the lower court is, accordingly,

Affirmed.

Moss, C. J. and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.