22771

Ira BARTH, M.D., Respondent v. Mildred K. BARTH, Appellant.

(360 S. E. (2d) 309)

Supreme Court

*Phillip Wittenberg,* of *Levi, Wittenberg, Harritt, Hoefer & Davis,* Sumter, *for appellant.*

*Kevin Barth,* of *Harwell, Ballenger and DeBerry,* Florence, *for respondent.*

Heard Feb. 16, 1987.

Decided Aug. 24, 1987.

SHAW, Acting Associate Justice:

This is an appeal from a family court order awarding appellant, Mildred K. Barth, interest on an equitable distribution award of $40,645.00 from an earlier appealed order. Mrs. Barth, a resident of Virginia, also appeals the jurisdiction of the South Carolina family court. We affirm in part and reverse in part.

In appeals from family courts we have jurisdiction to find facts in accordance with our own view of the preponderance of the evidence. *Mitchell v. Mitchell,* 283 S. C. 87, 320 S. E. (2d) 706, 708 (1984); *Townes Asociates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773, 775 (1976). *Rogers v. Rogers,* 280 S. C. 205, 311 S. E. (2d) 743, 744 (Ct. App. 1984); *Cudd v. John Hancock Mutual Life Insurance Co.,* 279 S. C. 623, 310 S. E. (2d) 830, 833 (Ct. App. 1983).

An order of the Marion County family court dated May 21, 1982, required Dr. Barth to pay Mrs. Barth alimony in the amount of $1,250.00 per month beginning June 1, 1982 and to pay her $40,645.00 in one lump sum or in two (2) equal installments of $20,322.50 with the unpaid balance bearing interest at 12% per annum. She was denied attorney fees. Mrs. Barth appealed the order on four issues—the $40,645.00 award, alimony, attorney's fees, and judicial bias and prejudice. The alimony was increased from $1,250.00 per month to $1,800.00 per month. All other issues were affirmed and the judicial bias and prejudice issue was dismissed. *Barth v. Barth*, 285 S. C. 316, 329 S. E. (2d) 446 (Ct. App. 1985).

The affirmation of the $40,645.00 issue placed Mrs. Barth in the category of an unsuccessful judgment creditor.

Following the opinion from the Court of Appeals, Mrs. Barth made demand upon Dr. Barth for payment of the entire sum due, including interest computed from May 21, 1982, through August 31, 1985, amounting to $58,253.70. On August 21, 1985, Dr. Barth paid $41,000.00, the parties agreeing this was without prejudice to her pursuing the balance she contended to be due and owing. Mrs. Barth previously filed judgments in the office of the Clerk of Court of Marion County and in the office of the Clerk of Court of Horry County.

Dr. Barth then brought this action seeking a declaration as to the balance due and the removal of the judgments of record. After Mrs. Barth's motion questioning the jurisdiction of the court was overruled, she duly filed her answer contending her right to the balance plus continuing interest.

Judge Caldwell issued his order of May 5, 1986, finding that Dr. Barth owed $863.77 in interest and required Mrs. Barth's counsel to satisfy recorded judgments upon receipt of that sum.

## JURISDICTION

Under Section 20-7-420 of the South Carolina Code of Laws (1976), it is stated the family court shall have exclusive jurisdiction to hear and determine actions of divorce, a vinculo matrimonii, separate support and maintenance regarding separation and other marital litigation between the parties.

Here the parties were married in South Carolina and were divorced in South Carolina. The wife left South Carolina to reside in Virginia and the husband continued to live in Marion County, South Carolina. Mrs. Barth claims there is insufficient contact for the court to invoke personal jurisdiction over her. However, she filed judgments in Marion and Horry Counties of South Carolina.

The South Carolina court had personal jurisdiction over a husband who moved to Georgia where South Carolina was the party's last matrimonial domicile, the place where he created the cause of action for divorce. *Crowe v. Crowe*, 289 S. C. 330, 345 S. E. (2d) 498 (1986). See *Kulko v. Superior Court of California*, 436 U. S. 84, 98 S. Ct. 1690, 56 L. Ed. (2d) 132, *reh'g denied*, 438 U. S. 908, 98 S. Ct. 3127, 57 L. Ed. (2d) 1150 (1978). We hold there is sufficient contact to warrant asserting personal jurisdiction over her, and that the family court had subject matter jurisdiction.

## INTEREST

Ordinarily, the disposition of a case in the Court of Appeals when certiorari is not applied for nor granted becomes the law of the case. However, appellant's case and exceptions were specifically framed to include the issue of whether interest ran during the pendency of the case before the Court of Appeals, thus reviving the issue for re-examination in this case.

The rule of the "law of the case" means that what was decided on former appeal is, if evidence is the same on another trial, controlling on the trial court and an appellate court on another appeal, unless on re-examination the appellate court is convinced that the first decision was wrong. *Atchison, T. & S. F. Ry. Co. v. Ballard*, 108 F. (2d) 768 (1940).

Regarding interest on judgments, our statute reads as follows in pertinent part:

34-31-20. Legal rate of interest.
(B) All *money decrees* and judgments of courts enrolled or entered shall draw interest *according to law*. The legal interest shall be at the rate of fourteen percent per annum. (Emphasis added).

It does not address the question of interest continuing to run on a judgment during the pendency of appeal.

Regarding statutory construction, Benjamin N. Cardozo states:

> ... It is true that codes and statutes do not render the judge superfluous, nor his work perfunctory and mechanical. There are gaps to be filled. There are doubts and ambiguities to be cleared. There are hardships and wrongs to be mitigated if not avoided. Interpretation is often spoken of as if it were nothing but the search and the discovery of a meaning which, however obscure and latent, had none the less a real and ascertainable preexistence in the legislator's mind. The process is, indeed, that at times, but it is often something more. The ascertainment of intention may be the least of a judge's troubles in ascribing meaning to a statute. 'The fact is,' says Gray in his lectures on the "Nature and Sources of the Law," 'that the difficulties of so-called interpretation arise when the legislature has had no meaning at all; when the question which is raised on the statute never occurred to it; when what the judges have to do is, not to determine what the legislature did mean on a point which was present to its mind, but to guess what it would have intended on a point not present to its mind, if the point had been present.' ...[1]

We feel the General Assembly did not consider in this statute,[2] the running of interest on an appeal by an unsuccessful judgment creditor.

We fully recognize the constitutional rights of both ■ judgment debtors and judgment creditors to appeal.

There is a split of authority as to whether a judgment creditor who appeals unsuccessfully on the ground of inade-

---

[1] 14-14 (1921) Reprinted by permission of Yale University Press from The Nature of the Judicial Process by Benjamin N. Cardozo. Copyright 1921 by Yale University Press.

[2] We are not unmindful of the recently enacted statute on equitable distribution, Code of Laws of South Carolina (Cum. Supp. 1976) Sections 20-7-472-479. Section 20-7-477 reads in pertinent part:

After the order or decree has been duly recorded and indexed in the office of the clerk of court of common pleas, the order or decree has all force and effect of judgments of the courts of common pleas as provided by law, the recording and indexing constituting record notice to all persons of the order or decree recorded and indexed.

quacy from a judgment in his favor is entitled to interest of the period during which the appeal was pending. The greater number of cases hold that a judgment creditor is not entitled to interest pending the unsuccessful appeal. Law encyclopedias agree the majority rule in this country is that a judgment creditor who appeals unsuccessfully on the ground of inadequacy of the trial court judgment is not entitled to interest for the period during which the appeal is pending. 47 CJS Interest § 59, p. 68; 45 Am Jur. § 107, p. 92, 15 A. L. R. (3d) 411, 415. See *State ex rel. Southern Real Estate & Financial Co. v. St. Louis* (1938) 234 Mo. App. 209, 115 S. W. (2d) 513. *Clarke v. Hot Springs Electric Light & P. Co.* (1935, CA 10 Wyo.) 76 F. (2d) 918, cert. den. 296 U. S. 624, 56 S. Ct. 147, 80 L. Ed. 443. Also, see *Litcher v. Henke Constr. Co.* (1946, DC Mo.) 68 F. Supp. 3 (Applying Missouri Law).

It is the right and duty of this court to interpret statutes and to develop the common law to meet the needs of an ever changing society.

We hold that even if interest runs on equitable distribution awards until paid, an issue we do not now decide, interest does not accrue during appeal when the appeal is made by the judgment creditor on the basis of a claim of inadequacy and the finding is upheld. *Sears v. Fowler*, 358 S. E. (2d) 574 (S. C. 1987).

Accordingly, we affirm the finding of jurisdiction over Mrs. Barth and reverse the award of interest.

Affirmed in part and reversed in part.

GREGORY, CHANDLER, FINNEY, JJ., and Acting Associate Justice RODNEY A. PEEPLES, concur.