534 S.E.2d 705

**Mozell S. DALE, Respondent,**

v.

**Charles A. DALE, Appellant.**

No. 3201.

Court of Appeals of South Carolina.

Submitted May 8, 2000.

Decided June 19, 2000.

Doyet A. Early, III, of Early & Ness, of Bamberg, for appellant.

W.D. Rhoad, of Bamberg; and M. Elizabeth Rhoad Myrick, of Rosen, Goodstein & Hagood, of Summerville, for respondent.

HEARN, Chief Judge:

Charles A. Dale (Husband) appeals from a family court order finding him in contempt of a 1990 equitable apportionment settlement and from the court's award of post-judgment interest to Mozell S. Dale (Wife). We affirm in part and reverse and remand in part.

## FACTS/PROCEDURAL HISTORY

This is the third time this case has been before this court. Husband and Wife divorced in 1990 on the basis of Husband's post-separation adultery. The family court awarded Wife $47,745.95 in equitable division. The court order regarding the apportionment required Husband to transfer to Wife,

among other things, a $30,000 certificate of deposit (CD) and its accrued interest.

Wife appealed the court's initial award of alimony and equitable division. This court affirmed the equitable apportionment but remanded the alimony issue to the family court. *See Dale v. Dale,* 93–UP–023 (S.C.Ct.App.. filed January 28, 1993) (*Dale I* ). The family court ultimately increased Wife's alimony and Husband then appealed the retroactive application of this award. This court then reversed the family court's finding of retroactivity. *See Dale v. Dale,* 95–UP–016 (S.C.Ct. App. filed January 31, 1995) (*Dale II* ).

In 1997, Wife moved the family court to issue a rule to show cause as to why Husband was not in contempt for failing to provide her with the $30,000 CD pursuant to the court's 1990 order. After a hearing, the court found Husband in willful contempt based on his cashing in the CD and converting the funds, plus accrued interest, to his own use. However, the court allowed Husband a credit of $15,680.63 against the amount due to Wife under the settlement.[1] This credit resulted from Husband's monthly payments of $259.38 on Wife's mobile home mortgage from June 1990 to July 1994, in addition to payments for taxes and insurance on the home during this time period. Husband additionally made a lump-sum cash payment of $18,455.41 in July 1994.

The court further required Husband to pay Wife post-judgment interest on $34,612.95 of the $47,745.95 equitable apportionment.[2] The post-judgment interest was to be calculated from July 1990 to August 1994 on $34,612.95 and from August 1994 to the time of payment on the remaining balance of $476.91 due under the settlement. The court stated that Husband could purge himself of the contempt finding "by complying with other provisions of this Order," including

---

1. Wife has not appealed this credit which is now law of the case. *See ML–Lee Acquisition Fund, L.P. v. Deloitte & Touche,* 327 S.C. 238, 241, 489 S.E.2d 470, 472 (1997) (holding an unappealed ruling is law of the case and should not have been reconsidered by Court of Appeals).

2. Included in the $34,612.95 is the $15,680.63 credit the family court allowed due to the mortgage payments, plus the $18,455.41 lump sum payment by husband in July 1994, plus the remaining $476.91 balance as of August 1994.

payment of the remaining $476.91 balance on the original equitable apportionment and the award of post-judgment interest which as of the date of the hearing totaled $22,190.88.

Husband appeals the finding of contempt and the award of post-judgment interest to Wife.

## DISCUSSION

On appeal, Husband argues the family court erred in 1) finding him in willful contempt; 2) awarding wife post-judgment interest; 3) awarding Wife relief not requested in her complaint; and 4) failing to credit him for his payments when calculating the post-judgment interest award.

### Standard of Review

In reviewing family court rulings, this court may find facts in accordance with its own view of a preponderance of the evidence. *Badeaux v. Davis*, 337 S.C. 195, 522 S.E.2d 835 (Ct.App.1999). However, this broad scope of review does not compel a reviewing court to disregard the family court's findings. *Id.*

### I. Contempt Finding

Husband first argues the family court erred in finding him in contempt for cashing in the CD and retaining the money. We disagree.

"Contempt results from the willful disobedience of a court order." *Henderson v. Henderson*, 298 S.C. 190, 197, 379 S.E.2d 125, 129 (1989). The record before the court must "clearly and specifically" exhibit the contemptuous conduct to sustain a finding of contempt. *Id.* This court will reverse a trial judge's decision regarding contempt only if it is without evidentiary support or is an abuse of discretion. *Milgroom v. McDaniel*, 308 S.C. 5, 9, 416 S.E.2d 626, 628 (1992) (quoting *Stone v. Reddix–Smalls*, 295 S.C. 514, 516, 369 S.E.2d 840 (1988)).

The 1990 equitable apportionment decree provided that "[t]he Wife *shall* receive . . . the Thirty Thousand ($30, 000.00) Dollar certificate of deposit which is the severance pay." (emphasis added) This court upheld that ruling. *Dale I.*

Husband acknowledged at the hearing Wife was to receive the CD per the terms of the June 1990 decree. Nevertheless, Husband cashed in the CD and converted the funds to his own use. Husband was unable to provide the court with the date he cashed in the CD. By his action, Husband clearly violated the decree affirmed by this court in 1993. *Dale I.* Husband contends his payment of Wife's mobile home loan payments, taxes and insurance from June 1990 through July 1994 benefitted Wife and excused his failure to follow the exact terms of the decree. Husband paid mortgage payments totaling $12,969.00 for Wife, plus taxes and insurance. Thus, Husband avers his behavior cannot be deemed to be in willful violation of the 1990 decree. We disagree.

Per the 1990 decree, Wife was entitled to have the total amount of the CD, plus any accrued interest, in a lump sum. Husband's actions deprived the Wife of the present value of that lump sum. Husband was not free to substitute his own judgment for that of the court and to parcel out the amount he owed Wife in small monthly payments occurring over a period of years. Further, Husband's retention of the money over a period of years deprived Wife of the opportunity to earn interest or an investment return on the money. In contrast, Husband willfully retained this opportunity for himself despite the court's order to turn over the CD. We therefore reject Husband's argument that payment of Wife's mortgage for several years excused his failure to obey the 1990 decree and find a preponderance of the evidence supports the family court ruling Husband acted in willful contempt of the decree.

## II. Award of Post–Judgment Interest

Husband secondly argues the family court erred in awarding Wife post-judgment interest during the pendency of her appeal. We disagree.

In *Casey v. Casey,* 311 S.C. 243, 245, 428 S.E.2d 714, 716 (1993), the supreme court determined fixed awards of money for equitable distribution are treated the same as money judgments awarded in legal actions. In support of his argument, Husband points to *Barth v. Barth,* 293 S.C. 305, 360 S.E.2d 309 (1987) and *Sears v. Fowler,* 293 S.C. 43, 358 S.E.2d 574 (1987) for the proposition that "[a] judgment creditor who appeals based on the insufficiency of the verdict is not entitled

to interest during the pendency of the appeal when the verdict is later upheld." However, our supreme court recently overruled *Barth* and *Sears* in *Calhoun v. Calhoun*, 339 S.C. 96, 102–04, 529 S.E.2d 14, 18–19 (2000). After noting its prior holdings in *Barth* and *Sears*, the court stated:

[W]hen a money judgment is finalized, whether in a lower court or an appellate court, the interest on that amount, whether it has been modified *upward* or *downward* or *remains the same*, runs from the date of the original judgment. To the extent this new rule is inconsistent with prior case law, that case law is overruled.

*Calhoun* at 104, 529 S.E.2d at 19 (emphasis ours). In our view, this language clearly mandates a finding that Wife is entitled to post-judgment interest on amounts owed her under the original decree regardless of the fact her appeal of that amount was unsuccessful. The amount merely "remained the same" as contemplated in the language of *Calhoun*. We therefore find no error in the family court's decision to award post-judgment interest.

### III. Award of Relief Outside the Pleadings

Husband also argues the family court erred by awarding Wife relief which exceeded that requested in her complaint. This argument is without merit. Wife's complaint contained the following prayer:

That Plaintiff Mozell S. Dale is further informed and believes that she is entitled to post-judgment interest at the statutory rate of 14% per annum on the $18,445.41 payment from June of 1990 through March of 1995 when this payment was tendered and further entitled to post-judgment interest at the statutory rate of 14% per annum on the remaining amounts owed to her from June of 1990 through the date such payment(s) are made.

Husband argues that the request for interest is limited to the $18,445.41 payment because the trial judge found the majority of "remaining amounts owed" had already been paid. This is not entirely accurate, as the family court found Husband still owed $476.91 at the date of the hearing. Regardless, *Calhoun* dispensed with the requirement of pleading interest in order to be entitled to it. *See Calhoun* at 100–04,

529 S.E.2d at 17–19 (finding Court of Appeals erred in denying petitioner post-judgment interest because it was not pled and because request for interest in Rule 59 motion was untimely). To the extent the trial judge awarded interest on the $15,680.63 in payments Husband made, the error was in awarding interest on the entire amount as will be discussed in the next issue, not in awarding interest generally.

## IV. Credit for Payments Against Post–Judgment Interest Award

■ Husband lastly contends the family court erred in not crediting payments he made towards the interest he owes Wife. To the extent the court awarded post-judgment interest on the entire $15,680.63 in payments from June 1990 to August 1994, we agree.

Husband made monthly payments on Wife's mortgage during this time period, for which the family court allowed him a $15,680.63 credit. The court then calculated post-judgment interest against this entire amount coupled with remaining amounts owed to wife. Instead of calculating the post-judgment interest award against this entire amount, the court should have amortized the interest calculation over this period of time taking into consideration Husband's monthly payments. This would result in the proper credit to Husband for his payments toward the satisfaction of the equitable apportionment. Because the record before this court is not completely clear as to the timing and total amount of the monthly payments, we remand the case to the family court for the proper calculation.[3]

Thus, we affirm the portions of the family court's order finding the husband in contempt and awarding post-judgment interest, but we reverse and remand the family court's calculation of post-judgment interest. On remand, the family court shall consider Husband's payments totaling $15,680.63 during the June 1990 to August 1994 period and credit them against the award of post-judgment interest.

---

3. Although the amount of the monthly mortgage payment appears in the record, other payments reflected by the total credit, and the dates on which they were made, are not contained in our record.

524

**AFFIRMED IN PART, REVERSED IN PART and RE-MANDED.**

ANDERSON and HUFF, JJ., concur.