THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Marsha K. Condell (f/k/a Fitzgerald),       
Respondent,
 
 
 

v.

 
 
 
Alexander Richard Fitzgerald, II,       
Appellant.
 
 
 

Appeal From Lexington County
Richard W. Chewning, III, Family Court 
 Judge

Unpublished Opinion No. 2003-UP-724
Submitted October 10, 2003  Filed December 
 15, 2003

AFFIRMED

 
 
 
G. Robin Alley, of Columbia, for Appellant.
J. Mark Taylor, C. Vance Stricklin, Jr., and M. Ronald McMahan, 
 Jr., all of West Columbia, for Respondent.
 
 
 

PER CURIAM:  Alexander Fitzgerald (Husband) 
 appeals the family courts order holding him in contempt for his failure to 
 comply with certain provisions of the divorce decree.  We affirm. [1] 
FACTS/PROCEDURAL HISTORY
Marsha Condell (Wife) brought this contempt action 
 against Husband alleging he failed to make mortgage and tax payments on the 
 marital home pending the homes sale as required by the order for separate maintenance 
 and support which was incorporated into the couples divorce decree.  These 
 payments were to be an incident of support to Wife.  Pursuant to the order, 
 Wife was to receive the net proceeds from the homes sale.  Wife alleged Husbands 
 conduct forced her to sell the home at a reduced price to avoid bankruptcy, 
 a deficiency judgment, and damage to her credit rating.  In addition to a finding 
 of contempt, Wife sought compensation for her lost proceeds. 
During a hearing on the matter, Husband conceded he 
 had failed to pay the mortgage payments and taxes following his compliance with 
 an earlier contempt order in 2001.  He explained that he stayed in the marital 
 home until going to jail for 32 days pursuant to a second contempt order regarding 
 his failure to make the mortgage and tax payments.  
The family court held Husband in willful contempt for 
 failing to pay the mortgage payments and taxes prior to the homes sale.  The 
 court sentenced husband to six months in jail suspended upon his payment to 
 Wife of $47,408.46, representing the mortgage and tax payments he failed to 
 make, Wifes attorneys fees associated with an earlier contempt proceeding, 
 and Wifes attorneys fees for the instant contempt proceeding. 
LAW/ANALYSIS
Husband argues the family court erred in holding him 
 in contempt.  We disagree.
Contempt results from the willful disobedience 
 of a court order.  Henderson v. Henderson, 298 S.C. 190, 197, 379 S.E.2d 
 125, 129 (1989).  To sustain a finding of contempt, the record must clearly 
 and specifically exhibit the contemptuous conduct.  Id.  An appellate 
 court will reverse the family courts contempt ruling only if it lacks evidentiary 
 support or constitutes an abuse of discretion.  Dale v. Dale, 341 S.C. 
 516, 520, 534 S.E.2d 705, 707 (Ct. App. 2000).
Here, Husbands own testimony clearly supports the 
 trial courts finding that he willfully disobeyed the divorce decree by failing 
 to make the mortgage and tax payments.  Thus we find no basis to reverse the 
 family courts order.  
Husband devotes a substantial portion of his brief 
 to challenging Wifes entitlement to the compensatory damages awarded.  Among 
 other things, he contends because the sale price of the home was less than the 
 sums due on the note and taxes and because the bank agreed not to pursue a deficiency 
 judgment, Wife suffered no loss.  However, because these arguments are extraneous 
 to the sole question on appeal  whether Husband was in contempt of the court 
 order  we do not address them.  See Rule 208(b)(1)(B), SCACR (Ordinarily, 
 no point will be considered which is not set forth in the statement of the issues 
 on appeal.).
 AFFIRMED.
HUFF, STILWELL, and BEATTY, JJ., concur.

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.