THE STATE OF SOUTH CAROLINA

 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 

 
 
 
 Ex Parte:  Joe W.
 Hiller and David N. Hiller,       
 Appellants
 IN RE: South Carolina
 Department of Health and Environmental
 Control,        Respondent,
 
 
 

v.

 
 
 
 Paris Mountain Utilities,
 Inc.         Defendant.
 
 
 

Appeal From Greenville County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2004-UP-061
Heard January 14, 2004  Filed 
 January 29, 2004

AFFIRMED

 
 
 
 Randall
 Scott Hiller, of Greenville, for Appellants.
 Mason
 A. Summers, of Columbia, for Respondent.
 
 
 

PER CURIAM: Upon the motion of the 
 South Carolina Department of Health and Environmental Control (DHEC), 
 the trial court found Paris Mountain Utilities, Inc. and its officers 
 David Hiller and Joe W. Hiller in contempt.  The subject matter of this 
 action has been before this court previously when Paris Mountain attempted 
 to include the Hillers as appellants when it appealed the contempt order.  
 We disallowed that effort, finding the notice of appeal did not name the 
 Hillers as appellants and Paris Mountain lacked standing to raise issues 
 concerning their contempt and personal liability because Paris Mountain 
 is separate and distinct from the Hillers. 
 [1]   DHEC thereafter served the Hillers with the contempt order.  
 They now appeal.
FACTS
 On April 24, 1999, Judge Joseph J. Watson ordered 
 Paris Mountain Utilities to comply with all provisions of [the] National 
 Pollutant Discharge Elimination System Permit #SC0034398, the Federal 
 Water Pollution Control Act, the State Water Pollution Control Permit 
 Regulations (S.C. Code Ann. Regs. 61-9 (1976), as amended), and the provisions 
 of Administrative Order 96-110-WP.  He also awarded judgment against 
 Paris Mountain in the amount of $39,750 for a civil penalty assessed by 
 DHEC against Paris Mountain in an unappealed administrative order.  
 When Paris Mountain failed to comply with Judge 
 Watsons order, DHEC sought an order seeking to have Paris Mountain and 
 its officers held in contempt.  Following a hearing, the trial court held 
 Paris Mountain and the Hillers in contempt and imposed a civil penalty 
 in the amount of $39,750 upon the Hillers in their individual capacities.  
 The trial court also sentenced the Hillers to an indefinite term of imprisonment 
 in the event the civil penalty went unsatisfied. To reach the Hillers, 
 the trial court disregarded the corporate shield that protected the Hillers 
 from individual liability for corporate liabilities by piercing the corporate 
 veil.  
LAW/ANALYSIS
 1.       The trial court committed no reversible 
 error in allowing testimony regarding the piercing of Paris Mountains 
 corporate veil and in subsequently ordering that the veil be pierced, 
 thus holding the Hillers personally liable for Paris Mountains contempt, 
 despite the fact that DHECs motion did not request piercing of the corporate 
 veil.  Both men had sufficient notice that DHEC would attempt to hold 
 each of them liable for the corporations disobedience of Judge Watsons 
 order.  The motion filed by DHEC expressly stated that it would move 
 the court for an order declaring Paris Mountain Utilities, Inc., and 
 its officers in . . . contempt for disregarding the order of the Honorable 
 Joseph Watson issued August 24, 1999. [Emphasis added.]  Even though 
 Judge Watsons order was addressed solely to Paris Mountain, its officers 
 were also subject to contempt for disobedience of its terms. 
 [2]   Moreover, since Paris Mountain was capable of violating 
 Judge Watsons order only if its agents either acted or refrained from 
 acting, it follows that the order directed at the corporation [was] binding 
 on agents authorized to act on its behalf, whether specifically named 
 in the order or not. [3] 
 2.       The trial court committed no reversible 
 error in allowing evidence regarding events that occurred prior to August 
 24, 1999 when the issue before the court during the January 5, 2000 hearing 
 was whether the corporation and its officers had violated Judge Watsons 
 order.  Conduct of a trial, including admission and rejection of [evidence], 
 is largely within the trial judges sound discretion, the exercise of 
 which will not be disturbed on appeal unless appellant can show abuse 
 of such discretion, commission of legal error in its exercise, and resulting 
 prejudice to appellants rights. 
 [4]   The trial judge is given broad discretion in ruling on 
 questions concerning the relevancy of evidence, and his decision will 
 be reversed only if there is a clear abuse of discretion. [5]   The Hillers failed to demonstrate 
 the trial court abused its discretion by allowing the questioned evidence 
 and determining the evidence was relevant.  Additionally, the Hillers 
 did not prove the courts actions prejudiced them unfairly.  The trial 
 court viewed the evidence as relevant as background information.  We 
 cannot fault it for viewing it in that way.  
 Furthermore, some of the challenged evidence 
 that related to matters occurring prior to Judge Watsons August 24, 1999 
 order suggested a pattern of neglect by the corporation of its legal obligations. 
 [6] 
 3.       We hold the evidence, though admittedly 
 slight, and its reasonable inferences support the trial courts finding 
 that the Hillers were officers of the corporation at the critical time.  
 Judge Watsons unappealed order of default, which upholds service upon 
 David Hiller, refers to him as president of the corporation and an affidavit 
 of service of the order of default upon David Hiller lists him as president 
 of Paris Mountain Utilities.  Although a letter dated September 9, 1999 
 addressed to Kelly Lowry states he no longer serves as president of the 
 corporation because it does not exist, the corporation had only been 
 administratively dissolved by the secretary of state pursuant to S.C. 
 Code Ann. § 33-14-200 (Supp. 2003)  for 
 failing to make required reports or pay taxes.  Under S.C. Code 
 Ann. § 33-14-210(d) (1990) , the corporation, 
 and hence its officers and agents, continued to exist, albeit for limited 
 purposes.  Joe W. Hiller is also listed on the articles of incorporation 
 as one of the Paris Mountains incorporators, but, more importantly, he 
 wrote a letter on May 25, 1999, just a few months before the date of Judge 
 Watsons order, addressed to Altamont Forest residents threatening to 
 shut down the treatment plant if anyone took legal action or if anyone 
 failed to make a timely financial contribution to the treatment system, 
 a threat that only someone authorized to act on the behalf of the corporation 
 could legitimately make.  
 Significantly, other than the letter to Lowry, 
 there is no evidence that David Hiller and Joe W. Hiller were not officers 
 and agents of the corporation on the critical date.  Neither of the Hillers 
 produced any evidence that weaken the prima facie case made 
 by DHEC that they were. 
 [7] 
 Finally, if a corporation continues to operate 
 as such after its administrative dissolution, those persons operating 
 the business become personally liable for its obligations. 
 [8]  The record contains evidence the corporation 
 continued its operations beyond October 26, 1996, with Joe W. Hiller sending 
 out bills for sewer service to Altamont Forest residents on May 25, 1999 
 and David Hiller receiving laboratory reports on March 21, 1997.  
 
 4.       We need not address the question 
 of whether the trial court erred in making eleven findings of fact.  
 This court previously affirmed these same findings in South Carolina 
 Department of Health and Environmental Control v. Paris Mountain Utilities, 
 Inc., [9] finding nine of them supported by 
 the record or by an unappealed administrative order.  The other two findings, 
 though not supported by the evidence, were found not to be prejudicial. 
 
 We are bound by that decision. 
 [10]   The Hillers stand in privity with Paris Mountain Utilities, 
 a party to the prior proceedings that involved the same litigation as 
 that with which we are involved here.
 In any case, we reiterate the conclusions 
 reached in the prior proceedings and hold as did the panel in that case.
 5.       We also need not address the question 
 of whether the trial court erred in appointing a receiver because it contained 
 findings of fact outside the record and granted relief beyond the scope 
 of DHECs motion.  Again, the previous panel determined this issue with 
 finality and we agree with the panels conclusions in both regards.
 6.       We do not address the constitutional 
 question of whether the trial court erred in ordering imprisonment for 
 the payment of a debt.  It was neither raised to nor passed upon by the 
 trial court. [11] 
 AFFIRMED.
 GOOLSBY and ANDERSON, JJ., and
 CURETON, A.J., concur.

 
 [1] See S.C. Dept of Health 
 and Envtl. Control v. Paris Mountain Util., Inc., Op. No. 2001-UP-371 
 (S.C. Ct. App. filed July 17, 2001).
 
 
 [2] 17 C.J.S Contempt § 36, at 84-85 
 (1999).
 
 
 [3] Id. at 85.
 
 
 [4] Am. Fed. Bank, FSB v. Number One 
 Main Joint Venture, 467 S.E.2d 439, 442, 321 S.C. 169, 174 (1996) 
 .
 
 
 [5] State v. Alexander, 303 S.C. 
 377, 380, 401 S.E.2d 146, 148 (1991) .
 
 
 [6] The challenged evidence 
 includes a letter dated May 25, 1999 to Altamont Forest residents from Joe 
 W. Hiller threatening to shut down the sewer system [i]f anyone takes any 
 legal action or if timely contributions are not received from everyone; 
 a Declaration of Dissolution dated October 28, 1996, signed by the secretary 
 of state, stating that Paris Mountain Utilities, Inc. has failed to file 
 an annual report and pay its franchise tax or income tax; and an undated 
 bill, taped to an Altamont Forest residents mailbox on September 30, 1997 
 and sent to DHEC on April 20, 1998 by Paris Mountain, charging the resident 
 for sewer service from January 1, 1997 through June 30, 1997.
 
 
 [7] See Mayhew 
 v. Mayhew, 519 S.E.2d 188, 195 (W.Va. 1999)  (noting the burden of production merely requires 
 a party to present some evidence to rebut evidence proffered by the party 
 having the burden of persuasion); McKenzie v. Hanson, 143 N.W.2d 
 697, 703 (N.D. 1966)  (stating that [w]hen the plaintiff has, by evidence, 
 established a prima facie case, the burden of going forward 
 with the evidence, often referred to as the burden of evidence, shifts to 
 the defendant, but [i]f the defendant can impair the prima facie 
 quality of the case against him, the burden of evidence returns to the party 
 having the burden of proof).
 
 
 [8] 19 Am. Jur. 2d Corporations 
 § 2887 , at 665 (1986).
 
 
 [9] See note 1, 
 supra.
 
 
 [10] See Huggins v. Winn-Dixie 
 Greenville, Inc., 252 S.C. 353, 357, 166 S.E.2d 297, 299 (1969)  (stating a finding by the appellate court contained 
 in a decision in a previous appeal in the same case is the law of the case).
 
 
 [11] See Holy Loch Distribs, 
 Inc. v. Hitchcock, 340 S.C. 20, 24, 531 S.E.2d 282, 284 (2000)  (noting an issue must be both raised to and ruled upon 
 by the trial court to warrant appellate review).