THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT 
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
 In The Court of Appeals
 
 
 
 
 The State, Respondent,
 
 
 

v.
 
 
 
 
 Robert L. Garrett, Appellant.
 
 
 

Appeal From Sumter County
  Marc H. Westbrook, Circuit Court Judge

Unpublished Opinion No. 2004-UP-466
 Submitted September 14, 2004  Filed September 15, 2004

AFFIRMED

 
 
 
 
 Assistant Appellate Defender Robert M. Pachak, Office of Appellate 
 Defense, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General 
 John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Assistant Attorney General David A. Spencer, all of Columbia;   and 
 Solicitor Cecil Kelley Jackson, of Sumter, for Respondent.
 
 
 

PER CURIAM:  Garrett appeals his convictions 
 for carjacking, two counts of kidnapping, two counts of assault and battery 
 of a high and aggravated nature, possession of a weapon, and conspiracy.  Specifically, 
 Garrett argues the trial court erred when it refused to grant a severance or 
 a mistrial when it allowed the use of a confession by a non-testifying co-defendant 
 to implicate appellant.  We affirm pursuant to Rule 220, SCACR, and the following 
 authorities:
As to Garretts contention that the trial court 
 erred in admitting his co-defendants statement:  see State v. Garrett, 
 350 S.C. 613, 620-621, 567 S.E.2d 523, 526-527 (Ct. App. 2002) (holding in a 
 prior ruling in the same case, that because the statement was redacted to omit 
 mention of Garrett by name and the judge issued a curative instruction, the 
 statement did not violate the confrontation clause);  see also 
 B.C. Huggins v. Winn-Dixie Greenville, Inc., 252 S.C. 353, 357, 166 S.E.2d 
 297, 299 (1969) (It is well settled in this jurisdiction that a decision of 
 this court on a former appeal is the law of the case.);  Barth v. Barth, 
 293 S.C. 305, 308, 360 S.E.2d 309, 310 (1987) (Ordinarily, the disposition 
 of a case in the Court of Appeals when certiorari is not applied for nor granted 
 becomes the law of the case.).
AFFIRMED. [1] 
ANDERSON, SHORT, and WILLIAMS, JJ., concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.