THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ephrain Reliford, Jr., Appellant,
v.
William J. Sussman, Respondent.
 
 
 

Appeal From Aiken County
 Rodney A. Peeples, Circuit Court Judge

Unpublished Opinion No. 2005-UP-054  
Submitted January 1, 2005  Filed January 21, 2005 

AFFIRMED

 
 
 
Ephrain Reliford, Jr., of Kershaw, pro se, for Appellant.
Maureen O. Floyd, of Augusta, for Respondent.
 
 
 

PER CURIAM:  Reliford appeals the trial courts dismissal of his action 
 against his former attorney.  Specifically, Reliford argues the trial court 
 erred by ruling it did not have subject matter jurisdiction and his action was 
 barred by res judicata.  We affirm pursuant to Rule 220, SCACR, 
 and the following authorities:
As to Relifords contention that the trial court erred in ruling it did not 
 have subject matter jurisdiction:  see Reliford v. Sussman, Op. 
 No. 2002-UP-305 (S.C. Ct. App. Filed April 29, 2002) (affirming the trial courts 
 dismissal of the original complaint due to the insufficiency of service of process);  
 see also B.C. Huggins v. Winn-Dixie Greenville, Inc., 252 
 S.C. 353, 357, 166 S.E.2d 297, 299 (1969) (It is well settled in this jurisdiction 
 that a decision of this court on a former appeal is the law of the case.);  
 Barth v. Barth, 293 S.C. 305, 308, 360 S.E.2d 309, 310 (1987) (Ordinarily, 
 the disposition of a case in the Court of Appeals when certiorari is not applied 
 for nor granted becomes the law of the case.).
As to Relifords contention that the trial court erred in ruling his action 
 was barred by res judicata:  see Laughon v. 
 OBraitis, 360 S.C. 520, 527, 602 S.E.2d 108, 112 (Ct. App. 2004) 
 (It is a fundamental principle of jurisprudence that material facts or questions 
 which were directly in issue in a former action, and were there admitted or 
 judicially determined, are conclusively settled by a judgment rendered therein, 
 and that such facts or questions become res judicata and may not 
 again be litigated in a subsequent action between the same parties or their 
 privies, regardless of the form that the issue may take in the subsequent action.)
AFFIRMED. [1] 
ANDERSON, STILWELL, and SHORT, JJ., concur. 

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.