**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Supreme Court

Howard Hammer, Appellant,

v.

Shirley Hammer, a/k/a Shirley Grace Hightower, Respondent.

And

1634 Main, L.P., Appellant,

v.

Shirley Hammer, a/k/a Shirley Grace Hightower, Respondent,

v.

Howard Hammer, Appellant.

Appellate Case No. 2013-001634

———————

Appeal from Richland County
The Honorable George C. James, Jr., Circuit Court Judge
The Honorable James F. Barber,
Supervising Circuit Court Judge

———————

Memorandum Opinion No. 2014-MO-007
Heard March 6, 2014 – Filed March 19, 2014

―――――――――――

**AFFIRMED**

―――――――――――

Susan B. Lipscomb, of Lipscomb Law Firm, P.A.,
Arthur K. Aiken, of Aiken & Hightower, P.A., both of
Columbia, and M. Dawes Cooke, Jr., of Barnwell
Whaley Patterson & Helms, LLC, of Charleston, for
Appellant.

Desa A. Ballard and Stephanie N. Weissenstein, both of
Ballard Watson Weissenstein, of West Columbia, for
Respondent.

―――――――――――

**PER CURIAM:** In this consolidated case, the appellants argue the trial court erred in awarding damages for frustration to the respondent because she expressly waived any claim to damages for emotional distress under her abuse of process claim. Additionally, 1634 Main, L.P. argues the evidence does not support a finding for abuse of process against it. The appellants also claim the trial court erred in awarding sanctions against them because the motion for sanctions was not timely filed and there is no evidence to support the award. We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1. Evidence supporting the abuse of process claim: *Pope v. Gordon*, 369 S.C. 469, 474, 633 S.E.2d 148, 151 (2006) (noting that in an action tried at law without a jury, the trial judge's findings of fact will not be disturbed unless the findings are wholly unsupported by the evidence or controlled by an erroneous conception of the application of the law); *Hainer v. Am. Med. Int'l, Inc.*, 328 S.C. 128, 136, 492 S.E.2d 103, 107 (1997) ("The essential elements of abuse of process are an ulterior purpose and a willful act in the use of the process not proper in the conduct of the proceeding.").

2. Damages: *Huggins v. Winn-Dixie Greenville, Inc.*, 252 S.C. 353, 362, 166 S.E.2d 297, 301 (1969) ("Damages recoverable for abuse of process are compensatory for the natural results of the wrong, and may include recompense for physical or mental injury; expenses; loss of time; and injury to business, property or financial standing."); Rule 220(c), SCACR ("The

appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal.").

3. Sanctions: *Graham Law Firm, P.A. v. Makawi*, 396 S.C. 290, 294–95, 721 S.E.2d 430, 432 (2012) ("The trial court's findings of fact regarding validity of service of process are reviewed under an abuse of discretion standard."); *Ex parte Gregory*, 378 S.C. 430, 437, 663 S.E.2d 46, 50 (2008) ("[W]here the appellate court agrees with the trial court's findings of fact, it reviews the decision to award sanctions, as well as the terms of those sanctions, under an abuse of discretion standard.").

**AFFIRMED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**