**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James Edward Bracy, Respondent,

v.

Kimberly Bracy, Appellant.

Appellate Case No. 2014-001707

———————

Appeal From Georgetown County
Jan B. Bromell Holmes, Family Court Judge

———————

Unpublished Opinion No. 2016-UP-058
Submitted September 1, 2015 – Filed February 10, 2016

———————

**REVERSED**

———————

Vanessa Ann Richardson, of VAR Law Firm, LLC, of Pawleys Island, and Elizabeth Littrell, of Lambda Legal Defense & Education Fund, Inc., of Atlanta, Georgia, for Appellant.

James Edward Bracy, of Kingstree, pro se.

———————

**PER CURIAM:** Kimberly Bracy (Mother) appeals the family court's order holding her in contempt for violating a clause in her final divorce decree that prohibits exposing her minor children to an immoral environment. On appeal, Mother argues the family court's finding of contempt (1) was an abuse of discretion

because it lacked evidentiary support and was based on an error of law and (2) violated her and her minor child's constitutional rights to equal protection and due process. We reverse.[1]

At the contempt hearing, James Bracy (Father) informed the family court he did not wish to punish Mother for her purported violation of the clause. Rather, Father stated he merely wished to gain custody of their child who was living with her. When Father learned he could not gain custody at the contempt hearing, he asked the family court to stop the hearing. However, the family court declined to end the hearing and held Mother in contempt without allowing her to present her case-in-chief. Mother filed a motion to reconsider along with an affidavit asserting she did not willfully violate the clause because she did not believe the clause prohibited the conduct for which she was held in contempt. The family court denied her motion.

Because the family court did not allow Mother to present her case-in-chief at the contempt hearing or otherwise prove her understanding of whether her conduct violated the clause, it could not have properly made the requisite finding that her actions were a willful violation of the divorce decree. *See Bigham v. Bigham*, 264 S.C. 101, 104, 212 S.E.2d 594, 596 (1975) ("Contempt results from the willful disobedience of an order of the court."); *Miller v. Miller*, 375 S.C. 443, 454, 652 S.E.2d 754, 759-60 (Ct. App. 2007) ("A willful act is one which is 'done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law.'" (quoting *Widman v. Widman*, 348 S.C. 97, 119, 557 S.E.2d 693, 705 (Ct. App. 2001))); *State v. Garrard*, 390 S.C. 146, 149, 700 S.E.2d 269, 271 (Ct. App. 2010) (recognizing "a showing of a consciousness of wrongdoing [is required] in order to prove willfulness"). Accordingly, the family court abused its discretion by holding Mother in contempt. *See Haselwood v. Sullivan*, 283 S.C. 29, 32-33, 320 S.E.2d 499, 501 (Ct. App. 1984) ("A determination of contempt is a serious matter and should be imposed sparingly . . . ."); *Dale v. Dale*, 341 S.C. 516, 520, 534 S.E.2d 705, 707 (Ct. App. 2000) ("This court will reverse a . . . decision regarding contempt only if it is without evidentiary support or is an abuse of discretion.").[2]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] Because we reverse on this ground, we decline to address Mother's constitutional arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address remaining issues when resolution of a prior issue is dispositive).

**REVERSED.**

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**