496 S.E.2d 637

**CHARLESTON LUMBER COMPANY, INC., Respondent,**

v.

**MILLER HOUSING CORPORATION, and
Robert E. Miller, Jr., Appellants.**

No. 2709.

Court of Appeals of South Carolina.

Reheard Nov. 4, 1997.

Refiled Jan. 12, 1998.

Rehearing Denied Mar. 12, 1998.

Edward J. Westbrook and Christy Gruenloh, both of Ness, Motley, Loadholt, Richardson & Poole, Charleston, for appellants.

Steven L. Smith, of Smith & Collins, North Charleston, for respondent.

## ORDER ON REHEARING

CURETON, Judge (en banc):

This court granted appellants' petition for rehearing en banc. In their petition, the appellants claim that a panel of this court, in affirming the grant of summary judgment to Charleston Lumber Company: (1) overruled a previous panel's decision, and (2) improperly ruled on an issue not presented to the trial court. After hearing oral argument, it is

ordered that the opinion heretofore filed, *Charleston Lumber Co., Inc. v. Miller Housing Corp.*, Op. No. 2709 (S.C.Ct.App. filed August 18, 1997) (Davis Adv. Sh. No. 25, at 24), be withdrawn and the attached Opinion be substituted therefor.

IT IS SO ORDERED:

/s/ C. Tolbert Goolsby, Jr., J.

/s/ Carol Connor, J.

/s/ Kaye G. Hearn, J.

/s/ Ralph King Anderson, Jr., J.

/s/ Thomas E. Huff, J.

/s/ H. Samuel Stilwell, J.

/s/ William P. Keesley, AAJ.

/s/ L. Casey Manning, AAJ.

CURETON, Judge (en banc):

This case arises from billing disputes between Charleston Lumber Company, Inc. (Charleston Lumber), a construction materials supplier, and its customer, Miller Housing Corporation. Miller Housing Corporation and its president appeal from the grant of summary judgment in favor of Charleston Lumber. We affirm.

Charleston Lumber filed a collection action against Miller Housing Corporation and its President, Robert E. Miller, Jr. who was sued in his individual capacity because he guaranteed payment of the account.[1] The Millers counterclaimed for negligence, fraud, and violation of the Unfair Trade Practices Act (UTPA), S.C.Code Ann. §§ 39–5–10 to –560 (1985 & Supp.1997). In June 1992, the court granted Charleston Lumber's motion for summary judgment as to the Millers' fraud and negligence causes of action. However, it permitted the Millers to amend their counterclaim to restate their UTPA cause of action and to allege libel, slander, and a set-off. In this same order, the trial court entered a "scheduling order" in which it ordered the parties to exchange a list of itemized damages and witnesses by July 5, 1992. On September 9, 1993, the trial court granted summary judgment to Charleston Lumber on one of its collection claims and dismissed the

---

1. The appellants are collectively designated in this appeal as the Millers.

Millers' counterclaims for set-off, libel, and slander. Thereafter, on September 17, 1993, a jury rejected Charleston Lumber's remaining collection claim against the Millers but found Charleston Lumber committed unfair trade practices. However, the jury awarded no damages. The Millers appealed: (1) the court's grant of summary judgment to Charleston on their fraud claim, and (2) certain aspects of the UTPA verdict. The details of that appeal are set forth in this court's opinion in *Charleston Lumber Co. v. Miller Housing Corp.,* 318 S.C. 471, 458 S.E.2d 431 (Ct.App.1995) (*Charleston Lumber I* ).

In *Charleston Lumber I,* we reversed the trial court's grant of summary judgment to Charleston Lumber on the Millers' counterclaim for fraud. We found the trial court "incorrectly held as a matter of law that the Millers failed to show the first and last elements of fraud, i.e., a representation and damages proximately caused by the representation." *Id.* at 480, 458 S.E.2d at 437. We also held that "further development of the facts is needed to determine the extent of actual damages." *Id.* at 481, 458 S.E.2d at 437.

On remand, Charleston Lumber moved for summary judgment, arguing that the jury's UTPA verdict of no damages precluded the fraud claim. The trial court found that damages in the fraud cause of action were barred by principles of res judicata as a result of the jury's UTPA verdict, and granted summary judgment.

### *Issues on Appeal*

On appeal, the Millers argue the trial court:

A. Had no authority to dismiss their fraud claim based on their failure to show damages in the UTPA cause of action because *Charleston Lumber I* held that further development of the facts was needed to determine the extent of actual damages;

B. Erred in granting summary judgment to Charleston Lumber on the basis of res judicata as to the damages issue when they had prevailed on the liability aspects of their UTPA claim, inasmuch as the elements of damages for fraud and a UTPA violation are different; and

C. Erred in granting summary judgment on their fraud claim when the evidence shows a genuine issue of material fact exists regarding damages.

Charleston Lumber argues the trial court should be affirmed because the Millers waived any objections they had to the court's grant of summary judgment on the fraud claim by amending their complaint regarding the UTPA cause of action.[2]

## *Discussion*

### A.

In argument before the trial court on its motion for summary judgment, Charleston Lumber contended dismissal of the Millers' fraud claim was mandated because the fraud and UTPA claims grew out of the same factual situation, and thus the damages were the same in both causes of action. Charleston Lumber also argued that because the jury found no damages on the UTPA claim, the Millers could show no damages on the fraud claim. The Millers asserted that Charleston Lumber made the same argument before this court as a ground for affirmance in the prior appeal and that we necessarily rejected the argument. Thus, they argued Charleston Lumber was precluded from making this res judicata argument to the trial court. The Millers also contended the trial court had no authority to dismiss their fraud cause of action based on their failure to show damages in the UTPA cause of action because this court had already ruled further development of the facts on remand was needed to determine the extent of their damages.

 It is well settled that an undisturbed finding of this court contained within a decision in a previous appeal of the same case is the law of the case. *Huggins v. Winn–Dixie Greenville, Inc.,* 252 S.C. 353, 166 S.E.2d 297 (1969). Also, when a party makes the same argument it made in a former appeal, the decision in the former appeal is the law of the case. *Robert E. Lee & Co. v. Commission of Public Works,* 250 S.C.

---

2. The amended counterclaim substantially states the same facts in support of the Millers' restated UTPA cause of action as they had set forth in their dismissed fraud cause of action.

394, 158 S.E.2d 185 (1967). "Matters decided by the appellate court cannot be reheard, reconsidered, or relitigated in the trial court, even under the guise of a different form." *Ackerman v. McMillan,* 324 S.C. 440, 443, 477 S.E.2d 267, 268 (Ct.App.1996). "The decision of the appellate court is final as to all questions decided." *Id. Cf.* 5 C.J.S. *Appeal and Error* § 975 (1993) (rule does not apply to matters which were raised on appeal but were not decided).

Having stated the applicable law, we turn now to the effect of our prior decision on the issue of res judicata. The grant of summary judgment on the fraud cause of action occurred before the UTPA verdict. Although the Millers appealed the dismissal of their fraud claim after the UTPA verdict, the trial court never had an opportunity to rule on the res judicata issue prior to the former appeal. Ordinarily, this court will not rule on an issue not presented to and ruled on by the trial court. *Food Mart v. South Carolina Dep't of Health and Envtl. Control,* 322 S.C. 232, 471 S.E.2d 688 (1996). Moreover, the parties now disagree as to whether the issue of res judicata was even argued in the prior appeal. A reading of Charleston Lumber's brief arguably does present the res judicata issue as a basis for affirming the trial court in the prior appeal.[3] The Millers thus argue that *Charleston Lumber I* implicitly rejected the res judicata claim. We disagree, and hold that the lack of a ruling on Charleston Lumber's res judicata claim in the former appeal does not raise an inference that we rejected the claim. In fact, it would have been improper for this court to have ruled as a basis for affirmance on a ground not presented to the trial court. *See Brashier v. South Carolina Dept. of Transp.,* 327 S.C. 179, 186, n. 7, 490 S.E.2d 8, 12 n. 7 (1997); *Carter v. Peace,* 229 S.C. 346, 93 S.E.2d 113 (1956) (proposition relied on as an additional sustaining ground must be presented to and passed upon by the trial court to warrant consideration on appeal),

---

**3.** Neither brief in the former appeal mentions res judicata, although Charleston Lumber argued that the Millers were bound by the jury's no damages finding in the UTPA claim as a basis for affirming the grant of summary judgment in the fraud cause of action. However, after we did not address the question of res judicata in our former opinion, neither party petitioned for a rehearing claiming error because we did not do so.

*cited in South Carolina Pub. Serv. Auth. v. Carolina Power & Light Co.*, 244 S.C. 466, 137 S.E.2d 507 (1964); *O'Tuel v. Villani*, 318 S.C. 24, 31 n. 1, 455 S.E.2d 698, 702 n. 1 (Ct.App.1995). Therefore, our prior decision has no res judicata effect on the damages issue in the fraud cause of action.

## B.

The Millers next argue the trial court erred in granting summary judgment to Charleston Lumber on the basis of res judicata since they had prevailed on the liability aspects of the UTPA cause of action, and the elements of damages for fraud and violation of the UTPA are different.

Under the doctrine of res judicata, a final judgment on the merits in a prior action will preclude the parties from relitigating any issues actually litigated or those that might have been litigated in the first action. *Town of Sullivan's Island v. Felger*, 318 S.C. 340, 457 S.E.2d 626 (Ct.App.1995). In order for the doctrine of res judicata to apply, the following elements must be shown: (1) the judgment must be final, valid, and on the merits, (2) the parties in the subsequent action must be identical to those in the first, and (3) the second action must involve matters properly included in the first action. *Id.* There is a conflict of authority, however, as to whether res judicata is applicable where the subsequent adjudication is in the same and not a new action. *Compare* 46 Am.Jur.2d *Judgments* § 596 (1994) (doctrine of res judicata has been regarded as inoperative where the subsequent proceeding is the same and not a new and different action) *with Link v. School Dist.*, 302 S.C. 1, 393 S.E.2d 176 (1990) (While finding appellant's contract cause of action not barred by an adverse ruling on his promissory estoppel cause of action, the court seemed to have no problem with the fact that both causes of action were litigated in the same lawsuit.). Inasmuch as this argument was not raised below, we may not reverse the trial court based on the inapplicability of the doctrine to the facts of this case. *Talley v. South Carolina Higher Educ. Tuition Grants Comm.*, 289 S.C. 483, 347 S.E.2d 99 (1986) (to constitute error, an issue must be both presented to and ruled upon by the trial court).

■ We likewise find no merit to the Millers' claim that the elements of damage in the UTPA are different from the elements of damage in the fraud cause of action. We think this claim is effectively disposed of by the case of *Jimmy Martin Realty Group, Inc. v. Fameco Distrib., Inc.*, 300 S.C. 192, 386 S.E.2d 803 (Ct.App.1989), in which the court held that because the plaintiff's fraud and UTPA causes of action arose out of the same factual situation, a judgment in the UTPA cause of action was res judicata as to the breach of contract with fraudulent intent cause of action. In like manner, this court held in *Inman v. Imperial Chrysler–Plymouth, Inc.*, 303 S.C. 10, 397 S.E.2d 774 (Ct.App.1990), that damages flowing from UTPA and fraud causes of action are the same for election of remedies purposes where both causes of action are based on the same conduct.

In spite of our prior ruling that further development of the facts was necessary to determine the extent of the damages arising from the Millers' use of their regular employees to deal with Charleston Lumber's misconduct, we hold the trial court did not impermissibly refuse to permit further development of that issue.[4] At the hearing on the motion for summary judgment now under appeal, the following colloquy took place between the court and the Millers' attorney:

THE COURT: [After stating the matter of damages had been fully presented to the jury in the UTPA trial] ... I don't think there is anything else to present. I mean, you all presented the issues clearly as you possibly could from a damages standpoint and the jury found that they thought

---

4. The principal basis for our prior decision on the issue of damages in the fraud claim was that the trial judge ruled as a matter of law that the Millers could not show damages by proof that they had "lost employee time based on their personnel having to spend numerous hours each month checking and correcting the bids versus the actual charges." *Charleston Lumber I*, 318 S.C. at 481, 458 S.E.2d at 437. There was no claim that some of these employees were considered regular employees and others were hired just to check Charleston Lumber's invoices. In any event, according to the Millers' counsel, the additional employee, Carol Aldridge, was hired for 3½ months in the latter part of 1989. There is no explanation why in 1992, the Millers chose to separate the work of Ms. Aldridge from other employees who simply worked on the invoices. If anything, it would appear that the Millers would have identified Ms. Aldridge first in view of the fact she was supposedly hired just to check invoices.

the activity was unfair but they didn't see any damages resulting from it.

I don't think that I gave any charge to the jury that said that just because they used their own employees to do this that that is not damage. I don't recall doing that, Ed.

I remember you all put the time and the hours and the cost and expenses you outlined in your earlier-on pretrial discovery material—that was placed before the jury unless I am completely off base.

MILLERS' COUNSEL: I think you might be right about that point, Your Honor, but I do believe that we were not able to present the extra employee.

That is something we can supplement in the record, as to that.

THE COURT: Well, I'll be perfectly happy for a supplementation of the record on that, but the Sixty-six Thousand Dollars or whatever as I remember from the record—I don't remember, but I seem to recall that all the employee expenses and the chasing around, the frustration, the issue of the losing jobs—I mean, everything I could imagine was presented to [the jury], I believe, when you all presented your damages issues.

We hold the effect of this exchange is that the Millers' counsel conceded that the matter of the Millers' loss of regular employee time was presented as an element of damage to the jury in the UTPA claim, and that the jury was not precluded by the court's charge from finding that such loss of regular employee time was not an element of damage in that claim. Under the unique facts and procedural history of this case, the jury's determination on the issue of damages flowing from the Millers' use of their usual employees is res judicata to the fraud cause of action on remand.

### C.

The Millers next argue that they should not be denied the right to show they sustained damages from fraud, because the trial court precluded them from presenting evidence in the UTPA case which would have shown they had to hire an additional employee to discover or deal with Charleston Lumber's misconduct. We note initially that this is a different

issue of damages from the issue we dealt with in the first appeal. Our prior decision dealt only with the question of whether or not the Millers' use of their regular employees to monitor the invoices and deal with Charleston Lumber's misconduct was a proper element of damage in a fraud claim. We were not asked to and indeed did not address the matter of having to hire an additional employee. Obviously, the hiring of an additional employee just to check invoices is an element of damage, unless the Millers are otherwise precluded from presenting that evidence in their fraud claim.

It appears the matter of hiring an additional employee surfaced in the UTPA trial and the trial judge precluded evidence on this element of damage because of the Millers' violation of a discovery order. At the time the sanction was imposed, the fraud cause of action was no longer in the case. The question thus presented is whether the sanction, as it was constituted at the time of its imposition, should carry over into the fraud cause of action on remand. Indisputably, if the trial court had not improperly dismissed the fraud claim, that claim would have been tried along with the UTPA claim and the sanction would have applied to the trial of both causes of action. The Millers did not appeal the trial court's sanction in the first appeal and argued only that the court erred in finding that the Millers' use of their regular employees was not an element of damages. Nevertheless, as noted above, at the hearing on Charleston Lumber's motion for summary judgment after remand, the trial court permitted the Millers to supplement the record with information about the additional employee but for reasons not reflected in the record, the court adhered to its original oral decision issued at the close of the summary judgment motion hearing.[5]

There is nothing in writing discussing the additional employee information furnished to the trial court. The Millers' counsel indicated during oral argument that her office called the trial judge's office after the supplementation and was told that the trial judge adhered to his oral ruling at the end of the

---

5. The supplementation of the record at the remand hearing arguably satisfies this court's mandate concerning further development of the facts regarding damages in view of the Millers' counsel's concession that the jury had heard all evidence of damage from the use of the Millers' regular employees.

summary judgment hearing. The Millers did not request a written ruling regarding the supplementation, nor did they make any post judgment motions pursuant to Rules 52 and 59, SCRCP. We are thus left to surmise as to what, if any, consideration the trial judge gave to the supplementation of the record regarding the additional employee.

 The Millers argue that "whatever the validity of the trial court requiring a stipulation at the UTPA trial that no damages were being claimed for the additional employee, that would definitely not be the case at the fraud trial." They also argue Charleston Lumber has known about the additional employee since July 13, 1992, when they first included this information in their amended itemized list of damages. We are hard pressed to see how Charleston Lumber would be prejudiced by the admission of this evidence in a trial of the fraud claim. Nevertheless, the Millers have never argued in any discernable fashion that the trial court abused its discretion in excluding evidence of the additional employee as a sanction in the UTPA action.

Finally, we are bothered by the Millers' failure to appeal in *Charleston Lumber I* the trial court's damages ruling that "no additional employees were hired to perform any task associated with Charleston Lumber...." At the UTPA trial in September 1993, the Millers' counsel, in explanation as to why he objected to the stipulation as requested by the court, stated:

> ... [A]s the Court knows, we did in fact hire [an] additional person but in May 1992 [time of the grant of summary judgment on the fraud claim], when you asked me that question I said that at that time—the answer in May of 1992 we did not [have to hire additional people], but two months later in response to the Court's Order to itemize the damages we did that and that was supplied to the Court. Here I would be stipulating to the fact that is not correct.

Regardless of the validity and fairness of the trial court's requirement concerning the stipulation, we hold the Millers may not now base their right to present the additional employee evidence on the actions of the trial court in the UTPA trial. If the trial court erroneously prevented the Millers from proving all of their damages in the UTPA cause of action, it

was incumbent upon them to have raised that issue in their appeal.[6] Additionally, the June 28, 1992 order which granted Charleston Lumber summary judgment on the fraud claim stated that the Millers did not have to hire additional employees because of Charleston Lumber's misconduct, and that provision was not appealed. The unchallenged rulings of the trial court are res judicata on the issue of the hiring of an additional employee. *See Buckner v. Preferred Mut. Ins. Co.,* 255 S.C. 159, 177 S.E.2d 544 (1970) (an unchallenged ruling, "right or wrong", is the law of the case). Therefore, no genuine issue of material fact remains concerning damages. In view of our resolution of the Millers' grounds for appeal, we need not address Charleston Lumber's argument for affirming the trial court.

The order of the trial court is

**AFFIRMED.**

GOOLSBY, CONNOR, HEARN, ANDERSON, HUFF and STILWELL, JJ., and WILLIAM P. KEESLEY and L. CASEY MANNING, Acting Associate Judges, concur.

---

**6.** This is especially so in view of the fact the trial judge permitted the Millers to amend their UTPA action to assert all of their previously asserted fraud damages.