525 S.E.2d 869

**CHARLESTON LUMBER CO., INC., Respondent,**

v.

**MILLER HOUSING CORP. and Robert
E. Miller, Jr., Petitioners.**

No. 25060.

Supreme Court of South Carolina.

Heard Dec. 14, 1999.
Decided Jan. 24, 2000.
Rehearing Denied Feb. 16, 2000.

Edward J. Westbrook and Christy Gruenloh, of Ness, Motley, Loadholt, Richardson & Poole, of Charleston, for petitioners.

Steven L. Smith, of Smith & Collins, of North Charleston, for respondent.

PER CURIAM:

We granted a writ of certiorari to review the Court of Appeals' decision in *Charleston Lumber Co., Inc. v. Miller Housing Corp.*, 329 S.C. 414, 496 S.E.2d 637 (Ct.App.1998) (*Charleston Lumber II* ). We reverse.

## *FACTS*

In 1990, Respondent Charleston Lumber Company, Inc., (Charleston Lumber) filed several collection actions arising out of billing disputes against Petitioners Miller Housing Corporation and Robert E. Miller, Jr. (Miller). Miller asserted various counterclaims, including fraud and violation of the South Carolina Unfair Trade Practices Act (UTPA).[1] In general, Miller claimed Charleston Lumber intentionally and repeatedly submitted low bids on Miller's construction projects, then after Miller selected Charleston Lumber as the lowest bidder, Charleston Lumber delivered the supplies but billed Miller at a higher price.

Charleston Lumber filed a motion for summary judgment on Miller's fraud counterclaim. Concluding there were no genuine issues of material fact concerning the fraud elements of representation or damages, the trial court granted the motion for summary judgment in June 1992.[2]

---

1. South Carolina Code Ann. §§ 39–5–10 to –160 (1985).

2. The trial judge noted Miller did not have to hire additional employees or pay overtime to its employees to perform tasks related to the

During the late–1993 trial on Miller's UTPA claim, Miller presented evidence of the number of hours employees spent reconciling Charleston Lumber's billing invoices with its bids and notifying Charleston Lumber of the mistakes. Miller's counsel represented to the court that at the summary judgment hearing in 1992 he did not know Miller had hired an additional employee to handle the Charleston Lumber matter, but two months later, discovered Miller had hired an additional employee. As a discovery sanction, the trial judge refused to allow evidence of the additional employee to be presented to the jury. The trial judge compelled Miller and Charleston Lumber to submit a stipulation stating Miller did not hire any employees to reconcile the Charleston Lumber invoices, pay overtime to existing employees, or lose business as a result of the Charleston Lumber billing. Miller offered evidence of $53,360 in damages.

Responding to special interrogatories, the jury determined Charleston Lumber violated the UTPA but found Miller had not "suffered an actual injury as a proximate result of the unfair or deceptive act." The jury did not consider the additional employee as an element of damage.

Miller appealed several issues, including the grant of summary judgment on the fraud counterclaim. The Court of Appeals reversed the order granting summary judgment. *Charleston Lumber Co., Inc. v. Miller Housing Corp.*, 318 S.C. 471, 458 S.E.2d 431 (Ct.App.1995) (*Charleston Lumber I* ). In relevant part, the Court of Appeals held:

[t]he trial court incorrectly held as a matter of law that the Millers failed to show the first and last elements of fraud, i.e., a representation and damages proximately caused by the representation. *Id.* at 480, 458 S.E.2d at 437;

[t]he trial court also improperly ruled as a matter of law that the Millers failed to show any damages as a result of the alleged fraud. The Millers alleged damages of lost employee time based on their personnel having to spend numerous hours each month checking and correcting the bids versus the actual charges. We find that employee time

---

Charleston Lumber bids and invoices. It noted, however, Miller claimed its personnel spent numerous hours reconciling Charleston Lumber's bids and actual charges.

is a compensable damage. *Id.* at 481, 458 S.E.2d at 437; and

**[a] further development of the facts is needed to determine the extent of actual damages.** *Id.* at 481, 458 S.E.2d at 437 (emphasis added).

Charleston Lumber did not seek review of *Charleston Lumber I.* On remand, Charleston Lumber again moved for summary judgment, claiming Miller had already litigated its damages in the UTPA action and, therefore, res judicata prevented Miller from relitigating the fraud claim. The trial judge agreed with Charleston Lumber and granted the motion for summary judgment on Miller's fraud claim. The trial court permitted Miller to supplement the record with the name of the additional employee hired to reconcile Charleston Lumber's bids and invoices. No order was issued after the supplement was filed. Miller appealed.

Initially, the Court of Appeals issued a 2–1 decision affirming the trial court. Thereafter, the Court of Appeals granted Miller's petition for rehearing en banc. The Court of Appeals en banc, withdrew its initial opinion, and affirmed the trial court. *Charleston Lumber II, supra.*

## ISSUE

Did *Charleston Lumber II* err by affirming the trial court's failure to abide by the directive of *Charleston Lumber I?*

## DISCUSSION

■ Miller argues the trial court and *Charleston Lumber II* were bound by the directive in *Charleston Lumber I* as the law of the case. It maintains the trial judge erred by failing to develop the facts "needed to determine the extent of actual damages" as directed by *Charleston Lumber I* and *Charleston Lumber II* erred by affirming the trial court. We agree.

*Charleston Lumber I* reversed the grant of summary judgment on fraud, specifically found employee time expended on the Charleston Lumber billing was compensable, and remanded for "development of the facts . . . to determine the extent of actual damages." *Charleston Lumber I* at 481, 318 S.E.2d at 437. This ruling was adverse to Charleston Lumber.

Accordingly, it was incumbent upon Charleston Lumber to seek rehearing and/or petition this Court for a writ of certiorari or be bound by *Charleston Lumber I* as the law of the case. *ML–Lee Acquisition Fund, L.P. v. Deloitte & Touche,* 327 S.C. 238, 489 S.E.2d 470 (1997) (unappealed ruling is law of the case); *Buckner v. Preferred Mut. Ins. Co.,* 255 S.C. 159, 161, 177 S.E.2d 544, 544 (1970) (an unchallenged ruling, "right or wrong, is the law of this case and requires affirmance.").

■  Because Charleston Lumber did not appeal *Charleston Lumber I,* it was bound by its directive to develop "the facts needed to determine the extent of [Miller's] actual damages." Similarly, *Charleston Lumber II* was bound by *Charleston Lumber I* as the law of the case.[3]  We conclude the trial judge erred by failing to follow the directive of *Charleston Lumber I.* Likewise, *Charleston Lumber II* erred by affirming the trial court.[4]  Accordingly, we reverse and remand for a trial on

---

**3.**  Arguably, *Charleston Lumber II* could have considered whether *Charleston I* was correct in reversing the grant of summary judgment, but it did not do so. *Cf. Barth v. Barth,* 293 S.C. 305, 308, 360 S.E.2d 309, 310 (1987) ("[t]he rule of the 'law of the case' means that what was decided on former appeal is, if evidence is the same on another trial, controlling on the trial court and an appellate court on another appeal, *unless on reexamination the appellate court is convinced that the first decision was wrong.*") (emphasis added) *with Huggins v. Winn–Dixie Greenville, Inc.,* 252 S.C. 353, 357, 166 S.E.2d 297, 299 (1969) (emphasis added) (citation omitted) ("[i]t is well settled in this jurisdiction that a decision of this court on a former appeal is the law of the case. The questions therein decided are res judicata and this court will not on a subsequent appeal review its former decision. . . . *We are not convinced that our former opinion was erroneous, but even if it were, we are precluded, under the settled rule, from reviewing it on this subsequent appeal.*").

**4.**  *Charleston Lumber II* incorrectly suggests res judicata may apply where a subsequent adjudication between the same parties is in the same, rather than a new, action. Res judicata bars *subsequent actions* by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a *prior action* between those parties. *Plum Creek Development Co., Inc., v. Conway,* 334 S.C. 30, 512 S.E.2d 106 (1999); *Johnson v. Greenwood Mills, Inc.,* 317 S.C. 248, 250, 452 S.E.2d 832, 833 (1994); *Riedman Corp. v. Greenville Steel Structures, Inc.,* 308 S.C. 467, 419 S.E.2d 217 (1992); *Sub–Zero Freezer Co. v. R.J. Clarkson Co.,* 308 S.C. 188, 417 S.E.2d 569 (1992); *Beall v. Doe,* 281 S.C. 363, 315 S.E.2d 186 (Ct.App.1984); *see* 46 Am.Jur.2d *Judgments* § 596 (1994) (doctrine of res judicata has been regarded as

Miller's fraud claim.[5]

**REVERSED AND REMANDED.**

---

inoperative where the subsequent proceeding is the same and not a new and different action).

5. Charleston Lumber did not object to Miller's supplementation of the record at the second motion for summary judgment. Accordingly, *Charleston Lumber II* improperly ruled the discovery sanction imposed at the UTPA trial continued. *Creighton v. Coligny Plaza Ltd.,* 334 S.C. 96, 512 S.E.2d 510 (Ct.App.1998), cited by Charleston Lumber in support of its argument it did not have to request the trial judge continue the sanction is inapposite. In *Creighton, id.,* the Court of Appeals held the trial judge erred by dismissing the plaintiff's discovery abuse motion as moot even though the verdict was in favor of the defendant.