THIS OPINION HAS NO PRECEDENTAIL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
James F. Bethea, MD, M. David Mitchell, MD, James J. McCoy, Jr., MD, 
 James J. Hill, Jr., MD, Donald Johnson, MD, Thomas Trancik, MD, Scott 
 Boyd, MD, Thomas E. Pace, MD, Timothy J. Shannon, MD, Richard McCain, 
 MD, Leonard E. Forrest, MD, Michael K, Drakeford, MD, John P. Evans, MD, 
 and all similarly situated persons,       
Appellants,
 
 
 

v.

 
 
 
The South Carolina Workers' Compensation Commission, Companion Property 
 & Casualty Insurance Company, Travelers Property Casualty Company, 
 Ohio Casualty Insurance Group, Hartford Underwriters Insurance Company, 
 The Travelers Insurance Company, CIGNA Property and Casualty Insurance 
 Company, Blue Cross Blue Shield of South Carolina, Liberty Mutual Insurance 
 Company, Liberty Mutual Fire Insurance Company, and all other similarly 
 situated legal entities,        Defendants,
Of Whom The South Carolina Workers' Compensation Commission is the       
Respondent.
 
 
 

Appeal From Richland County
J. Ernest Kinard, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-127
Submitted February 9, 2004  Filed February 
 26, 2004

AFFIRMED

 
 
 
Paul Clarendon Ballou, of Columbia, for Appellants.
William H. Davidson, II and Andrew F. Lindemann, bothof Columbia, 
 for Respondent.
 
 
 

PER CURIAM: A group of orthopaedic surgeons 
 and neurologists (Appellants) brought an action against the South Carolina 
 Workers Compensation Commission (Respondent) and numerous private insurance 
 companies alleging they were adversely affected by Respondents failure to periodically 
 review and amend their medical fee schedule to keep pace with the economy.  
 The trial court dismissed Appellants causes of action.  We affirm.
FACTS
Appellants are orthopaedic surgeons and neurologists 
 licensed to practice medicine in South Carolina.  They voluntarily treat injured 
 South Carolina employees covered by workers compensation insurance.  Respondent 
 oversees and administers the South Carolina Workers Compensation Act, S.C. 
 Code Ann. §§ 42-1-10, et seq. (1985 & Supp. 2003).  
In July 1989, Respondent adopted Regulation 67-1304 
 governing the calculation of physician fees. 
 [1]   Under Regulation 67-1304, physician fees were determined by first 
 assigning a specific unit value, and then multiplying the unit value by the 
 current conversion factor.  The conversion factor is expressed as a dollar figure 
 and is determinative of the allowable fee paid per procedure.  The Regulation 
 provided:

 A.      The Schedule of Fees for Physicians and Surgeons 
 (the Schedule) sets forth the criteria for determining a reasonable fee and 
 governs determining the maximum fee chargeable.
 
 (1)      The Occupational Medicine Committee of the 
 South Carolina Medical Association and the Commissions Medical Review Division 
 reviews the Schedule annually and recommends to the Commission amendments to 
 the Schedule.
 (2)      The Commission may amend the Schedule as 
 necessary.
 
 B.      The Schedule catalogues and assigns a specific 
 unit value to medical procedures listed by code number. 
 
 (1)      To determine the maximum fee allowed, locate 
 the procedure in the Schedule and determine its unit value.  Multiply the unit 
 value by the current conversion factor to determine the maximum fee allowed.
 (2)      If a procedure is to be determined by individual 
 consideration or by report, file a written request with the Commissions 
 Medical Review Division for determination of the unit value and fee allowed.
 
 C.      The conversion factor is a variable factor 
 which the Commission periodically amends to keep pace with the economy.  Contact 
 the Medical Review Division to obtain the current conversion factor.  

In 1995, Respondent adopted a Medicare-patterned 
 Resource Based Relative Value Scale (RBRVS) with a single conversion factor 
 applicable to all procedures, surgical and non-surgical.  
Appellants filed this action on June 27, 2000 against 
 Respondent and numerous private insurance companies.  Appellants filed an amended 
 complaint on August 28, 2000.  Appellants alleged the Respondent violated a 
 statutory duty and denied them equal protection and due process.  Specifically, 
 Appellants contended Respondent failed to periodically review and amend the 
 conversion factor to keep pace with the economy.  In addition, they argued the 
 RBRVS system, with a single conversion factor for all procedures, surgical and 
 non-surgical, was in violation of equal protection and procedural due process.  
 The Appellants also asserted a cause of action against the private insurance 
 companies for unjust enrichment.  
The trial court ruled the Appellants cause of 
 action for violation of a statutory duty failed because the statutory authority 
 of the Respondent does not create a private cause of action.  It found the Respondent 
 did not violate the Appellants rights to equal protection or due process.  
 The trial court also dismissed the claims for unjust enrichment against the 
 private insurance companies.  In addition, the court concluded all of Appellants 
 causes of action accrued in 1995 and were barred by the statute of limitations.  
 This appeal followed.   
LAW/ANALYSIS
On appeal, Appellants do not challenge the trial courts 
 ruling that their causes of action accrued in 1995 and that they brought this 
 action after either the two-year statute of limitations found in S.C. Code Ann. 
 15-78-110 (Supp. 2003) or the three year statute of limitations found in S.C. 
 Code Ann. § 15-3-530 (Supp. 2003).  The Appellants instead argue Respondent 
 is equitably estopped from asserting a statute of limitations defense.  We find 
 Appellants did not preserve the equitable estoppel issue as it applies to Respondent.  
 Appellants did not plead an estoppel issue as to Respondent.  The trial courts 
 order indicates Appellants argued the insurers were equitably estopped 
 from asserting the statute of limitations defense.  However, there is no evidence 
 in the record showing the Appellants argued Respondent was equitably 
 estopped from asserting the defense.  The trial courts order only addressed 
 the issue of equitable estoppel as it applies to the insurers.  In order for 
 an issue to be preserved for appellate review, it must have been raised to and 
 ruled upon by the trial judge.  Holy Loch Distrib., Inc. v. Hitchcock, 
 340 S.C. 20, 24, 531 S.E.2d 282, 284 (2000).  Even if the Appellants raised 
 the argument to the trial court that the Respondent should be estopped from 
 asserting the statute of limitations defense, it failed to raise in a post-trial 
 motion the trial courts failure to address this issue in its order.  Noisette 
 v. Ismail, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (finding issue was 
 not preserved for appellate review where the trial judge did not explicitly 
 rule on the appellants argument and the appellant made no Rule 59(e), SCRCP 
 motion to alter or amend the judgment).  As the Appellants estoppel argument 
 is not properly before this court, we may not consider it.  
In the very last line of their brief, the Appellants 
 assert the discovery rule should apply to toll the statute of limitations until 
 the time that the Appellants actually became aware of the duty by the Commission 
 to periodically adjust their fees to keep pace with the economy, which was in 
 the early months of the year 2000.  This is the Appellants first mention of 
 the discovery rule, which is what they argued to the trial court in response 
 to the Respondents assertion that the statute of limitations barred their claim.  
 The Appellants did not set forth this argument in their statement of the issues 
 on appeal.  We find Appellants failed to properly raise to this court any argument 
 they intended to make concerning the discovery rule. See Rule 208(b)(1)(B), 
 SCACR (Ordinarily, no point will be considered which is not set forth in the 
 statement of the issues on appeal.); Langehans v. Smith, 347 S.C. 348, 
 352, 554 S.E.2d 681, 683 (Ct. App. 2001) (stating that an issue which is not 
 supported by authority or sufficiently argued is not preserved for appellate 
 review).
The trial courts determination that the statute of 
 limitations had run on Appellants claims against the Respondent because they 
 were brought more than three years after they had accrued stands unchallenged 
 and constitutes the law of the case.  See Charleston Lumber Co. v. 
 Miller Housing Corp., 338 S.C. 171, 175, 525 S.E.2d 869, 871 (2000)  (stating 
 that as a general rule, an unchallenged ruling, right or wrong, is the law of 
 the case and required affirmance.)  Accordingly, we must affirm on this ground. 
 [2]   
AFFIRMED.
 HUFF, STILWELL, and CURETON, JJ., concur.  
 

 
 [1] Although subsequently amended by State Register Volume 21, 
 Issue No. 6, Part 2, effective June 27, 1997, the applicable language at all 
 times pertinent to the present appeal is found in 25A S.C. Code Ann. Regs. 
 67-1304 (1990).

 
 [2] Due to our conclusion regarding the statute of 
 limitations issue, we do not address the remaining issues on appeal.