PREHEARING REPORT

THIS OPINION HAS NO 
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY 
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
John May,       
Appellant,
 
 
 

v.

 
 
 
Nancy Hopson,       
Respondent.
 
 
 

Appeal From Beaufort County
Terry A. Finger, Special Referee

Unpublished Opinion No. 2005-UP-125
Submitted February 1, 2005  Filed February 
 17, 2005

AFFIRMED

 
 
 
James D. Donohoe, of Hilton Head Island, for Appellant.  
No appearance by or for Respondent.
 
 
 

PER CURIAM:  John May appeals the order 
 of the special referee, arguing he erred in dismissing Mays breach of contract 
 action and his quantum meruit and negligence claims.  We affirm. [1] 
FACTS AND PROCEDURAL HISTORY
May, an interior decorator, 
 and Nancy Hopson entered into a series of three separate oral agreements in 
 connection with the decoration of Hopsons new house.  Under the terms of their 
 first agreement, Hopson agreed to pay May $75 per hour plus a 15% commission 
 on the purchase price of furniture and art he selected.  Hopson paid the only 
 two invoices May submitted, which totaled $3200.  
The parties then entered 
 into a second oral agreement whereby May continued decorating Hopsons house 
 at no charge and, in turn, Hopson agreed to allow May to utilize her house as 
 a showcase for his prospective clients.  Pursuant to their agreement, Hopson 
 also provided May with office space and administrative support for his decorating 
 business, at no charge.  This second agreement did not include a fee arrangement, 
 and May made no demands for payment for his continued services as Hopsons personal 
 decorator.  
Finally, the parties entered 
 into a third oral agreement to jointly provide decoration and design services 
 for a model home built by a third party.  Under the terms of this agreement, 
 May and Hopson would share equally in both the cost of purchasing furniture 
 and accessories, and in any profits realized upon a sale.  When the furniture 
 and accessories failed to sell, disputes arose between the parties concerning 
 who was responsible financially.  Eventually, Hopson removed furniture and accessories 
 from the model house.  May demanded Hopson return the items to him and pay him 
 an additional $93,000 in compensation and unpaid commissions for design work 
 he allegedly performed on her home pursuant to the first agreement.  Hopson 
 refused.
May sued, alleging breach 
 of contract, quantum meruit, and conversion, and the case was referred to a 
 special referee.  May amended his complaint to allege breach of contract, breach 
 of contract accompanied by fraudulent acts, unjust enrichment, and negligence.  
 Hopson answered and counterclaimed for breach of the partnership agreement and 
 unjust enrichment.  
The parties agreed to reserve 
 Mays negligence cause of action until Hopsons counsel could determine whether 
 her homeowners insurance would pay for repairs.  If the claims remained unresolved 
 after 90 days, the referee announced he would hold a separate hearing on the 
 issue of Hopsons alleged negligent care of the furniture.  Consequently, no 
 testimony on this issue was taken at trial.  At the close of Mays case, the 
 referee directed a verdict for Hobson on Mays claim for breach of contract 
 accompanied by a fraudulent act.  In the final order, the referee dismissed 
 Mays remaining causes of action, including his negligence claim.  The referee 
 also dismissed Hopsons counterclaims, deeming them abandoned.  
May filed a motion to amend, 
 arguing the referee improperly dismissed his negligence cause of action after 
 expressly reserving the issue at trial for later determination, and requested 
 the case be reopened to allow testimony on his claim.  In his amended order, 
 the referee agreed the negligence claim should not have been dismissed and deleted 
 the portion of his order dismissing that claim.  
DISCUSSION
 May contends 
 the special referee erred in dismissing his breach of contract claim, arguing 
 the referee relied on inadmissible hearsay as the sole basis of determining 
 the parties relative contributions to partnership debts.  We disagree.
May misapprehends 
 the essential nature of the referees report.  Although billed as an action 
 in quantum meruit, the issue before the court was closely akin to an accounting 
 of a partnership, and the referee hinged his final ruling on the factual finding, 
 Hopson fully accounted for and showed the expenditures on Agreement No. 3 were 
 equal and that neither party was owed any money by the other.  The referee 
 further found that Agreement No. 2 superseded Agreement No. 1, and that both 
 parties fulfilled their obligations under both agreements Nos. 1 and 2.  These 
 rulings have not been appealed, and they are therefore the law of the case.  
 Charleston Lumber Co. v. Miller Housing Corp., 338 S.C. 171, 175, 525 
 S.E.2d 869, 871 (2000) (stating an unappealed ruling is the law of the case.).  

As a consequence, the only 
 issue remaining before the special referee, and before us on this appeal, is 
 the dispute between the parties as to their financial responsibility under Agreement 
 No. 3.  In making his finding that the expenditures pursuant to Agreement No. 
 3 were equal, the special referee referenced an exhibit he had previously ruled 
 could only be marked for identification and not considered as evidence. [2]   Although the referee improperly 
 referenced an exhibit not in evidence, his mistake is not fatal to his finding 
 that Hopson fulfilled her obligations under the partnership agreement.  Hopson 
 testified the excluded document was merely an itemized summary of figures she 
 supplied to her accountant drawn from her own records and personal knowledge.  
 She also testified to the accuracy and proper allocation of the amounts summarized.  
 Moreover, based on her testimony of the expenses she paid, the special referee 
 could conclude Hopson contributed at least 50% of the cost of furniture purchased 
 for the model home project.  Accordingly, we find there is ample evidence contained 
 in Hopsons testimony to support a finding she contributed an equal if not greater 
 share toward satisfying partnership debt.  Tiger, Inc. v. Fisher Agro, Inc., 
 301 S.C. 229, 237, 391 S.E.2d 538, 543 (1989) (stating that in an action in 
 equity tried by the judge alone, this court can make findings of facts in accordance 
 with our own view of the preponderance of the evidence.  However, this does 
 not require us to ignore the fact that the special referee was in a better position 
 to assess the credibility of the witnesses.).
Next, May contends the special 
 referee erred in dismissing his quantum meruit claim, arguing Hopson has been 
 unjustly enriched because she has not sufficiently compensated him for decorating 
 and design services he undertook at her house.  May urges the $3200 he received, 
 based on his own submitted invoices, under the parties first agreement and 
 the rent-free office space and administrative services he received under the 
 second agreement are grossly inadequate compensation.  He now insists the invoices 
 he submitted covered only an initial 40 hours of work at Hopsons house and 
 that he is owed for thousands of subsequent man hours and a 15% commission on 
 nearly a quarter of a million dollars in furniture and art acquisitions for 
 her residence.  We disagree.
Only under the terms of 
 the defunct first agreement was May entitled to hourly fees and commissions 
 on purchases and improvements for Hopsons home.  The referees unappealed finding 
 that neither party had any further obligation to the other under Agreement No. 
 1 disposes of any contention May is entitled to further compensation therefor.  

Finally, May requests that 
 we remand the issue of the negligence cause of action with instructions to the 
 referee to hold a hearing and render a decision on this issue.  We find it unnecessary 
 to remand for that purpose.
It was agreed between the 
 parties that any negligence claim would be bifurcated, and the dismissal of 
 that claim in the original order was clearly an oversight that was corrected 
 pursuant to the motion for reconsideration.  Therefore, that issue is not a 
 subject of this appeal and may be set for a hearing upon the request of either 
 party.  See Rule 205, SCACR (Nothing in these Rules shall prohibit the 
 lower court, commission or other tribunal from proceeding with matters not affected 
 by the appeal.).  
AFFIRMED.
GOOLSBY, HUFF, and STILWELL, 
 JJ., concur.

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.

 
 
 [2]        The exhibit, referred to in the final order as Defendants 
 Exhibit #15, is a summary of expenses incurred and payments made by both 
 parties for furnishings purchased for the model home.  It was prepared by 
 Hopsons accountant, at her direction, and based solely upon information she 
 provided.  At trial, the referee sustained Mays objection to the introduction 
 of the exhibit.