THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina Department of Social Services, Respondent,
 
 
 

v.

 
 
 
 Roger B.
 and
 B.B. [D.O.B.: 07/03/91], A.B [D.O.B.: 02/28/95], D.B.  [D.O.B.: 11/24/97], Defendants,
 of whom Roger B. is, Appellant.
 
 Appeal From Lexington County
  Richard W. Chewning, III, Family Court Judge
 
 
 

Unpublished Opinion No. 2006-UP-347
Submitted October 1, 2006  Filed October 16, 2006

AFFIRMED

 
 
 
 Bradley B. Hansen, of Lexington, for Appellant.
 Montford S. Caughman, of Lexington, for Respondent.
 Howard A. Van Dine, III and Paul T. Collins, both of Columbia, for Guardian Ad Litem
 
 
 

PER CURIAM:  Roger B. (Father) appeals the family courts termination of his parental rights to B.B., A.B., and D.B..  Father contends the family court erred in (1) terminating his parental rights on the bases that he abandoned and willfully failed to visit his minor children, (2) failing to make a specific finding regarding whether termination of his parental rights was in the childrens best interests, and (3) denying his motion for a continuance.  We affirm.[1]
FACTUAL/PROCEDURAL BACKGROUND
On December 20, 2001, the South Carolina Department of Social Services (DSS) took the minor children into emergency protective custody after Father was charged with murder in connection with the death of the childrens mother, Jenny B. (Mother).  Father allegedly murdered Mother in the presence of the children, two of whom actually witnessed the incident.  Father then drove all three children to a wooded area where he abandoned them.  He subsequently picked the children up from the wooded area and later abandoned them in a car, where authorities found the children sleeping.  Although the weather was very cold, Father allegedly left the children without warm clothing.    
DSS initiated the present termination of parental rights (TPR) action against Father on May 29, 2003.  It alleged multiple bases for termination, including abandonment of the children and the childrens placement in foster care under DSS custody for at least fifteen of the preceding twenty-four months.  Father declined representation, and filed a pro se answer specifically denying all bases for termination of his parental rights except the allegation as to the time the children had been in the custody of DSS.[2]  
The family court conducted a merits hearing on February 12, 2004.  As a preliminary matter, Father asked the court to rule on a motion for continuance he previously filed but admittedly failed to serve on opposing counsel.  Father argued he was entitled to a continuance because his appointed standby counsel,[3] Ronald R. Hall, had not responded to his requests for assistance and, consequently, he was unable to have subpoenas served on his witnesses.  Father argued he was therefore unprepared to proceed with the hearing.  He maintained he wanted to call as witnesses a member of the local solicitors office and his former appointed trial counsel.  Father failed to articulate the testimony he sought to elicit from the member of the solicitors office, but stated this solicitor had indicated his criminal trial would take place before Fathers parents attempted to obtain custody of the children. He stated he wished to question his former appointed counsel to preserve a claim for ineffective assistance of counsel.  The court denied Fathers motion, finding (1) it was not properly before the court because he had not properly served the motion on opposing counsel, and (2) Father failed to demonstrate that the witnesses he planned to subpoena would offer any relevant testimony in this termination of parental rights action.  
At the hearing, the childrens DSS foster care worker testified the children had continuously been in foster care since they were taken into emergency protective custody approximately twenty-six months earlier.  She testified placement with the Father was not likely in the foreseeable future, and that efforts to place the children with family members proved unsuccessful.  According to the foster care worker, the only remaining option was to terminate Fathers parental rights and make the children available for adoption.  A DSS foster care supervisor also testified placement of the children with relatives had been explored, but no suitable placement was found.  The supervisor also testified terminating Fathers parental rights was in the childrens best interests, primarily because of the allegations Father killed their Mother, who the supervisor described as the one stable force in their life . . . .  The childrens guardian ad litem opined the childrens grandparents loved them, but they were not a suitable option for the childrens placement.  She testified their father had demonstrated, through the childrens interaction with [her], a disregard for their well-being and that she consequently did not find interviewing him necessary.  The guardian ad litem also testified she believed the childrens best interests would be served by terminating Fathers parental rights and placing them for adoption.  DSS sought termination of Fathers parental rights based on the two statutory grounds of Fathers abandonment of the children and the childrens placement in DSS custody for fifteen of the past twenty-two months.  
The court terminated Fathers parental rights orally at the conclusion of the hearing noting, in spite of attempts to find family members with whom to place the children, no suitable placement was found.  The court found the children had been in foster care for the preceding twenty-six months, and that time was of the essence such that it was in the childrens best interest that the matter not be delayed.  The court later reduced its findings and conclusions to a written order dated March 5, 2004.[4]  This appeal follows.
STANDARD OF REVIEW
In a TPR action, the best interests of the children are the paramount consideration.  Doe v. Baby Boy Roe, 353 S.C. 576, 579, 578 S.E.2d 733, 735 (Ct. App. 2003).  Before parental rights can be forever terminated, the grounds for the termination must be proven by clear and convincing evidence.  S.C. Dept of Soc. Servs. v. Headden, 354 S.C. 602, 608-09, 582 S.E.2d 419, 423 (2003).  On appeal, this court may review the record and make its own determination whether the grounds for termination are supported by clear and convincing evidence.  S.C. Dept of Soc. Servs. v. Cummings, 345 S.C. 288, 293, 547 S.E.2d 506, 509 (Ct. App. 2001).  Despite this broad scope of review, however, we are not required to disregard the findings below or ignore the fact the trial judge was in a better position to assess the credibility of the witnesses and assign weight to their testimony. Dorchester County Dept of Soc. Servs. v. Miller, 345 S.C. 445, 452, 477 S.E.2d 476, 480 (Ct. App. 1996).  Further, this broad scope of review does not relieve the appellant of the burden of convincing this Court that the family court committed error.  Id.  
DISCUSSION
I.       Termination of Parental Rights
Father first argues the court erred in terminating his parental rights because, under the circumstances, his imprisonment precluded a finding that he willfully abandoned or failed to visit his minor children.   We note the family court did not terminate fathers parental rights on the basis of willful failure to visit, but we decline to otherwise address these issues because Father does not dispute the termination of his parental rights on the alternate basis that the minor children had been in foster care fifteen of the most recent twenty-two months at the time of the hearing.  See S.C. Code Ann. § 20-7-1572(8) (Supp. 2005) (permitting TPR where a child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months).  Because Father does not refute this finding, the courts determination that Fathers parental rights should be terminated under section 20-7-1572(8) is the law of the case.[5]  See Charleston Lumber Co. v. Miller Housing Corp., 338 S.C. 171, 175, 525 S.E.2d 869, 871 (2000) (holding an unappealed ruling is the law of the case);  S.C. Dept of Soc. Servs. v. Seegars, 367 S.C. 623, 628, n. 3, 627 S.E.2d 718, 721, n.3 (2006) (ruling unappealed grounds for TPR are law of the case). Further, our courts have held that a finding pursuant to section 20-7-1572(8) alone is sufficient to support a termination of parental rights.  S.C. Dept of Soc. Servs. v. Sims, 359 S.C. 601, 608, 598 S.E.2d 303, 307 (Ct. App. 2004).
II.     Best Interests of the Children
Because one statutory ground for TPR has been met, the only issue remaining for us to consider is whether termination is in the best interest of the children.  See S.C. Code Ann. § 20-7-1572 (Supp. 2005) (providing family court may terminate parental rights if it finds at least one of the eleven statutory grounds for termination has been met and that termination is in the best interest of the child).  See also Charleston County Dept of Soc. Servs. v. King, 369 S.C. 96, ____, 631 S.E.2d 239, 241 (2006) (holding, where parent failed to appeal ruling that child had been in foster care for fifteen of most recent twenty-two months, one statutory ground for TPR had been met and the appellate court need only consider whether termination of parental rights was in the best interest of the child).
Father contends the family court failed to make a specific finding that it was in the best interests of the children to terminate his parental rights.  Here, the family courts order did not explicitly state that terminating Fathers parental rights was in the childrens best interests.  However, in its oral order, the court did find that time was of the essence in securing permanent placement for these children, that it was in the childrens best interest that there be no further delay, and that Fathers parental rights should be terminated.  Furthermore, the family courts written order notes the importance of freeing abused and/or neglected children for adoption, but recognizes that paramount to this view is the principle that the best interests of the minor children prevail if their interests vary from that of the parent.  The written order also emphasizes the importance of focusing on the childrens best interests by stating time is of the essence in the lives of these minors, that they are each developing by the minute, and that there can be no further delay in the attempt to secure permanency for them.  Thus, based on our view of the record, we find the family court considered the childrens best interests when reaching its decision.  At any rate, we find clear and convincing evidence overwhelmingly indicates it was in the childrens best interests that Fathers parental rights be terminated.  In particular, both the childrens guardian ad litem and DSS foster care supervisor emphatically opined that terminating Fathers parental rights served the childrens best interests.  Also, their DSS foster care worker testified attempts to place the children with family members was not successful, and that making them available for adoption was the only option.  See S.C. Dept of Soc. Servs. V. Parker, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999) (holding, in a termination of parental rights case, the appellate court has jurisdiction to review the entire record to determine the facts in accordance with its view of the evidence;  the appellate court may review the record and make its own findings as to whether clear and convincing evidence supports termination). 
III.    Motion for Continuance
Father contends the family courts denial of his motion for a continuance violated his constitutional due process rights because it deprived him of additional time needed to subpoena witnesses he had previously been unable to subpoena due to his standby counsels failure to assist him.  We disagree.
As an initial matter, Fathers claim that the courts ruling violated his constitutional due process rights was never raised to or ruled upon by the family court.  Thus, it is not preserved for our review.  See Durlach v. Durlach, 359 S.C. 64, 76, 596 S.E.2d 908, 915 (2004) (holding due process claim not raised in the family court but raised for the first time on appeal is not preserved for review).  Further, Father has failed to challenge on appeal the trial courts ruling that the motion for continuance was not properly before the court because Father had not properly served the motion on opposing counsel.  This alternate basis for denying the motion for continuance is therefore the law of the case.  See Ex parte Morris, 367 S.C. 56, 65, 624 S.E.2d 649, 653-54 (2006) (holding unappealed ruling, right or wrong, is the law of the case).         
At any rate, we find no error in the trial courts denial of Fathers motion for continuance.  Father did not indicate the precise testimony he sought to elicit from the solicitor, but stated the solicitor had indicated his criminal trial would take place prior to the hearing regarding the paternal grandparents attempt to obtain custody of the children. As to his former attorney, Father sought to subpoena him as a witness in order to preserve a legal malpractice claim.  We agree with the trial court that the testimony of these witnesses was irrelevant.  See S.C. Dept of Soc. Servs. v. Broome, 307 S.C. 48, 51, 413 S.E.2d 835, 838 (1992) (The granting or denial of a continuance is within the sound discretion of the trial judge and is reviewable on appeal only when an abuse of discretion appears from the record.).
CONCLUSION
For the forgoing reasons, the decision of the family court is
AFFIRMED.
ANDERSON, HUFF, and SHORT, JJ., concur.  

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] His pleadings caption indicates he also brought a cross-claim, although the pleadings are unclear about the subject of the cross-claim.  Paragraph G of Fathers pleadings allege prejudice and a lack of partiality by the guardian ad litem, which appears to constitute the cross-claim.  
[3] Although Father insisted on representing himself at the trial level, he asked the court to appoint standby counsel to assist him.  The court granted his motion.  
[4] The order erroneously states the order was signed on March 5, 2003.  However, this is clearly a typographical error in light of the undisputed fact that the hearing occurred in February 2004 and the order was filed March 10, 2004. 
[5] Father attempts to raise by way of his reply brief that he has not abandoned this issue because he has maintained he was denied visitation with the children.  Father fails, however, to refute the factual basis for termination on the ground that the children have been in foster care for fifteen of the most recent twenty-two months, nor does he challenge the validity of this statutory ground.